629 So.2d 1086 (1994)
Curtis GUNTER, Appellants,
v.
SAUER, INC. and CNA Insurance Company, Appellees.
No. 92-2921.
District Court of Appeal of Florida, First District.
January 12, 1994.
Jerold Feuer, Miami, and David L. Holbrook, Holbrook & Hardy, P.A., Orlando, for appellants.
Wendell J. Kiser and Vivian M. Reeves, Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for appellees.
ALLEN, Judge.
The claimant appeals a workers' compensation order denying a claim for an attorney's fee. We conclude that the judge should not have limited the application of section 440.34(3)(b), Florida Statutes (1991), to the period of time following the employer/carrier's receipt of the acknowledged claim from the Division of Workers' Compensation. Instead, the statute should have *1087 been applied upon the carrier's earlier actual notice of the filed claim, and the claimant should have been awarded an attorney's fee.
After receiving some medical care for his industrial injury, the claimant sought additional benefits including orthopedic authorization. On the same date that this claim was filed, the carrier received a copy of the claim from the claimant's attorney. The carrier subsequently received the acknowledged claim from the Division of Workers' Compensation, and eventually complied with the request for orthopedic authorization. Such authorization was provided within 21 days after receipt of the acknowledged claim, but more than 21 days after receipt of the copy of the filed claim, as furnished by the claimant's attorney.
Section 440.34(3)(b), Florida Statutes (1991), provides that a claimant may recover an attorney's fee:
In any case in which the employer or carrier fails or refuses to pay a claim filed with the division which meets the requirements of s. 440.19(1)(e) on or before the 21st day after receiving notice of the claim... .
The judge construed this provision to apply only after receipt of an acknowledged claim from the Division of Workers' Compensation. However, section 440.34(3)(b) does not refer to an acknowledged claim, and the statute should not have been given such limited effect. While section 440.34(3)(b) does refer to a claim which meets the requirements of section 440.19(1)(e), Florida Statutes, and that statute identifies the specific information which a claim should contain, the present claim was sufficient in this regard.[1]
Although section 440.19(1)(e)7 authorizes a penalty assessment if the employer/carrier does not act within 21 days of receipt of an acknowledged claim, liability for a penalty is a matter separate and apart from liability for an attorney's fee. This penalty provision is not a part of the requirements of a claim as identified in section 440.19(1)(e), and as referenced in section 440.34(3)(b). Indeed, when the pertinent language in section 440.34(3)(b) was first enacted, section 440.19(1)(e) did not even mention an acknowledged claim.[2] Furthermore, the employer/carrier's assertion that they may await receipt of an acknowledged claim despite having actual notice of the filed claim is inconsistent with the legislative intent, as expressed in section 440.015, Florida Statutes (1991), of assuring a quick and efficient delivery of benefits, and the characterization of the Workers' Compensation Law, as expressed in cases such as Turner v. Rinker Materials, 622 So.2d 80 (Fla. 1st DCA 1993), as a self-executing employer/carrier monitored system. Neither the statutory language nor the legislative history would limit the application of section 440.34(3)(b) to receipt of an acknowledged claim, and the statute thus should have been applied in this case upon the carrier's actual notice of the filed claim.
The appealed order is reversed, and the cause is remanded.
SMITH and MICKLE, JJ., concur.
NOTES
[1] The claim referred to a "shoulder and upper back" injury, and requested "authorization of an orthopedist for an evaluation and treatment, if necessary." While a more thorough explanation could possibly have been made as to the basis and necessity for such a request, in the circumstances of this case, involving a potential musculoskeletal injury and the apparent absence of any other orthopedic care, the claim contains sufficiently detailed information to comply with section 440.19(1)(e).
[2] The reference in section 440.34(3)(b), Florida Statutes (1991), to section 440.19(1)(e) is the result of an editor's revision which changed a paragraph (d) reference to (e) after various amendments were made to section 440.19(1) by chapter 90-201, section 23, Laws of Florida. When the section 440.34(3)(b) attorney's fee provision was created in chapter 89-289, section 19, Laws of Florida, neither section 440.19(1)(d) nor (e) made any mention of an acknowledged claim. Section 440.19(1) was revised the following year, with the necessary contents of a claim being moved from paragraph (d) to (e), and the penalty provision being created at paragraph (e)7. See chapter 90-201, section 23, Laws of Florida. The absence of any corresponding legislative action to alter the reference in section 440.34(3)(b) in connection with the amendment to section 440.19(1) in chapter 90-201 suggests that the legislature did not thereby contemplate that such changes would be entirely incorporated in section 440.34(3)(b).