632 So.2d 647 (1994)
NATIONAL DISTRIBUTING COMPANY and Kemper Group, Appellant,
v.
Frederick CAMPBELL, Appellee.
No. 92-2411.
District Court of Appeal of Florida, First District.
February 9, 1994.
Clarification Denied March 18, 1994.
Jeffrey S. Breslow, Miami, for appellant.
Jeffrey C. Fox, North Miami, for appellee.
*648 SMITH, Judge.
The employer/carrier (E/C) appeal an order of the Judge of Compensation Claims (JCC) awarding attorney's fees under the amended statute on attorney's fees, section 440.34(3)(b), Florida Statutes (1989),[1] which eliminated the bad faith award of attorney's fees and substituted a rule permitting a fee if the E/C fails to pay a claim on or before the 21st day after receiving notice of the claim. We affirm in part and reverse in part.
Claimant fractured his foot on November 28, 1989 and subsequently underwent several surgeries on his foot. Temporary total disability (TTD) benefits began December 5, 1989, were paid for one week and then discontinued December 12, 1989. On February 6, 1990, counsel for claimant completed a claim for TTD benefits, among other things. The claim was received by the Division of Workers' Compensation on February 13, 1990. In the meantime, on February 7, claimant's counsel sent a letter to the adjuster handling claimant's injury and forwarded a no-work slip from claimant's doctor dated January 26, 1990. On February 8, the E/C reinstituted TTD benefits effective January 26, 1990.
On May 25, 1990, counsel for the E/C completed and signed a pretrial stipulation prepared in anticipation of a hearing on claimant's February claim. The pretrial stipulation relates that average weekly wage (AWW) is an issue in the case. However, the February claim did not seek a determination of claimant's AWW. Perhaps to cure this omission, a second claim was completed by counsel for the claimant on May 25, 1990, seeking, among other things, TTD or temporary partial disability (TPD) benefits from November 28, 1989 to date and a correct determination of the claimant's AWW. This claim was received by the Division on May 31, 1990. In the meantime, the adjuster for the carrier requested claimant's 13-week wage statement from the employer for the second time. (The first request was on December 11, 1989). The carrier received a copy of the May claim on June 8, 1990 and claimant's 13-week wage statement from the employer on June 19. Thereafter, on June 27, 1990, the E/C upwardly adjusted claimant's AWW and paid claimant $1,260.85, which constituted retroactive payments to December 5, 1989.
In the beginning of August 1990, the carrier unilaterally and without verification suspended claimant's benefits. As the JCC found, this was done despite the fact that on August 8, 1990, the authorized treating physician placed the claimant on "no-work" status. The suspension remained in effect throughout most of September, even though the E/C authorized additional surgery for the claimant on September 6, which he received on September 19, 1989. Counsel for the claimant wrote two letters to the adjuster dated September 20, 1990 and September 28, 1990, pointing out that claimant had not received his benefits beginning in August 1990. Attached to the first letter was the no-work slip dated August 8, 1990. On September 28, 1990, after claimant's counsel spoke with and then wrote to the carrier, the carrier issued a retroactive check for benefits.
Thus, with the exception of entitlement to attorney's fees and costs, the parties' differences were resolved without a hearing. Regarding attorney's fees, after hearing the evidence, the JCC found that claimant's attorney was entitled to fees for all benefits obtained by him. He rejected the E/C's contention that payments were voluntarily made within 21 days after receiving notice of the claims, finding instead that the carrier had wholly failed to investigate the claimant's medical condition and only through the intervention of claimant's attorney were benefits reinstated and continued.
After review of the record and the arguments of counsel, we agree that fees are awardable for the services of claimant's attorney in securing an increase in claimant's AWW and retroactive payment of benefits in *649 September 1990. We disagree, however, that fees are awardable for the retroactive payment of benefits in February 1990. Accordingly, that portion of the JCC's order finding entitlement to a fee for securing those benefits must be reversed.
As argued by the E/C, before the carrier received claimant's first claim on February 19, 1990, TTD benefits were paid on February 8, 1990, reinstituting benefits from January 26, 1990, well within the 21-day requirement. Even though it may be argued that the E/C unjustifiably suspended claimant's benefits for this period, and forced intervention by claimant's attorney in order to secure these benefits, an attorney's fee is not awardable because the E/C paid these benefits within 21 days of claimant's February claim. Carillon Hotel v. Rodriguez, 124 So.2d 3 (Fla. 1960) (even if E/C's refusal to pay compensation forces the employee to file a claim, the E/C may still avoid payment of attorney's fees by accepting the claim within 21 days of its filing).
However, a different result is required regarding the adjustment of claimant's AWW. In that instance, the claim was filed on May 31, 1990, and paid more than 21 days later on June 27, 1990. We reject the E/C's argument that payment was timely because the carrier received a copy of the claim on June 8, 1990, and payment was made within 21 days of that date. As this court recently ruled in Gunter v. Sauer, Inc., 629 So.2d 1086 (Fla. 1st DCA 1994) the 21 days begins to run from actual notice of a claim, not receipt of the acknowledged claim. In this case, the E/C had actual notice of the claim for AWW as early as May 25, 1990, when the attorney for the E/C signed the pretrial stipulation which indicates AWW was an issue, disputing claimant's entitlement to an increase.
Turning to the award of fees for benefits obtained for the period August through September 1990, although we agree a fee is due, we must respectfully disagree with the rationale employed by the JCC in awarding that fee. The JCC reasoned that a fee was due because the carrier's reinstatement was well past 21 days from the previously filed claims. However, it is our view that when a claim for benefits is filed, and the E/C thereafter pay benefits for certain periods, but decline to pay benefits for other periods,[2] that for purposes of applying the 21-day rule of section 440.34(3)(b), the 21 days should begin to run from the time the claim for benefits matures. In this case, after the first bi-weekly period in August passed for which benefits were payable but were not paid, the E/C had 21 days from the end of that period to pay or be liable for an attorney's fee.
We believe that this interpretation of section 440.34(3)(b) is fair to both the E/C and the claimant. It allows the E/C to investigate the claimant's entitlement to the benefits for the period claimed, but provides a cut-off date for this investigation after which nonpayment will subject the E/C to liability for a fee. Without belaboring the facts already stated, it is clear that the E/C violated this 21-day rule when it tardily paid retroactive benefits on September 28, 1990.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
ALLEN and MICKLE, JJ., concur.
NOTES
[1] This section provides that attorney's fees can be recovered from a carrier or employer:

(3)(b) In any case in which the employer or carrier fails or refuses to pay a claim filed with the division which meets the requirements of s. 440.19(1)(d) on or before the 21st day after receiving notice of the claim, and the injured person has employed an attorney in the successful prosecution of his claim.
[2] See section 440.20(2), Florida Statutes (1989) providing that total disability benefits shall be paid in bi-weekly installments.