658 So.2d 1228 (1995)
BAPTIST MANOR NURSING HOME and Sedgwick James of Florida, Inc., Appellants,
v.
Audrey MADISON, Appellee.
No. 95-159.
District Court of Appeal of Florida, First District.
August 17, 1995.
*1229 John F. Windham of Beggs & Lane, Pensacola, for appellants.
Barry Silber of Myrick, Silber & Davis, Pensacola, for appellee.
DAVIS, Judge.
Baptist Manor Nursing Home and Sedgwick James of Florida, Inc. ("E/C") appeal an order entered by the judge of compensation claims ("JCC") awarding claimant's attorney a fee pursuant to the 21-day provision of section 440.34(3)(b), Florida Statutes (Supp. 1990). The E/C argue on appeal that the JCC erred (1) in holding that the procedural provisions of section 440.191, Florida Statutes (Supp. 1994), did not preclude claimant's entitlement to an attorney's fee pursuant to section 440.34(3)(b), Florida Statutes (Supp. 1990); and (2) in determining that the docketing judge's dismissal of the claimant's claim for benefits based upon noncompliance with the procedural provisions of section 440.191, Florida Statutes (Supp. 1994), and section 440.192, Florida Statutes (Supp. 1994), did not preclude an award of attorney's fees pursuant to section 440.34(3)(b), Florida Statutes (Supp. 1990). Because the 21-day rule providing for entitlement to attorney's fees in section 440.34(3)(b), Florida Statutes (Supp. 1990), is substantive and the 1994 amendments to the Workers' Compensation Law significantly change the substantive right to have the employer pay attorney's fees, and because the E/C failed to accept the claimant as PTD within 21 days of service of a claim which met the specificity requirements of section 440.19(1)(e), Florida Statutes (1991), we affirm.
On March 29, 1991, the claimant injured her back in an industrial accident. The claimant reached MMI on May 19, 1993. On June 1, 1994, the claimant mailed a claim for PTD benefits, costs and attorney's fees using a form acceptable for claims filed prior to the effective date of the 1994 amendments. On the same date, she requested assistance from the Employee Assistance and Ombudsman Office ("EAOO") pursuant to section 440.191, Florida Statutes (Supp. 1994), seeking PTD benefits, costs and attorney's fees, and invoking the informal dispute resolution process. The claimant's claim for benefits and her request for assistance were served on the employer and the carrier on June 2, 1994, and June 3, 1994, respectively.
On June 1, 1994, claimant's attorney sent a letter to the Department of Labor and Employment Security, Division of Workers' Compensation ("the division"), advising the division that the claimant was simultaneously filing a claim for benefits pursuant to the law in effect at the time of claimant's injury, as well as a request for assistance pursuant to the 1994 amendments to Chapter 440. Claimant's attorney explained in his letter that he was complying with the 1994 procedural requirements of filing a request for assistance and submitting to the informal dispute resolution process, while at the same time filing a claim for benefits, so as to invoke and commence the running of the 21-day period in which the E/C must accept the claim for benefits or be liable for attorney's fees pursuant to section 440.34(3)(b) upon successful prosecution of the claim. Although the record is unclear, it appears the docketing judge treated claimant's claim as a petition. On June 10, 1994, the docketing judge entered an order dismissing claimant's petition, without prejudice, based upon failure to meet the specificity requirements of section 440.192(2), Florida Statutes (Supp. 1994), and for failure to include a certificate indicating that a good faith effort had been made to resolve the dispute as required by section 440.192(4), Florida Statutes (Supp. 1994).
On June 28, 1994, the E/C prepared a form DWC-4 notice accepting the claimant as PTD. The acceptance of the claimant as PTD was mailed to the division sometime *1230 after June 28, 1994, and the E/C made the first payment of PTD benefits on July 6, 1994. On July 18, 1994, the claimant filed a petition for costs and attorney's fees. On or about July 18, 1994, the E/C filed a denial of benefits, asserting that attorney's fees were not due because the claimant had been accepted as PTD on July 1, 1994, 13 days after the E/C had been contacted by the Employee Assistance Office.
At the final hearing held on November 30, 1994, the claimant argued that the entitlement to an attorney's fee award under section 440.34(3)(b), Florida Statutes (Supp. 1990), is a substantive right, and that the 1994 amendments to Chapter 440 requiring her to exhaust the EAOO process before she had a right to seek attorney's fees from the E/C cannot extinguish that right. The E/C responded that, because the 1994 amendment requiring an injured employee to submit disputed matters to the EAOO before a petition could be filed is procedural, an injured employee could not file a claim until that process is exhausted. The E/C further contended that, because the claimant's claim was dismissed by the docketing judge, the claimant was not entitled to an award of attorney's fees.
On December 20, 1994, the JCC entered an order awarding the claimant an attorney's fee. The JCC concluded the EAOO process set forth in the 1994 amendments to Chapter 440 was procedural and should be followed when seeking benefits by filing a request for assistance followed by the appropriate petition. However, the JCC further determined, because the 21-day attorney's fee provision conveyed a substantive right in cases where the injury occurred before the January 1, 1994, effective date of the 1994 amendments, the E/C must make a decision regarding a claim filed pursuant to the earlier provisions within 21 days from receipt in order to avoid attorney's fee liability. The JCC concluded that the docketing judge's dismissal of a claim which the docketing judge treated as a petition, for failure to meet the specificity requirements of the 1994 statute did not operate to deprive or otherwise prejudice the E/C from their receipt of notice pursuant to a claim for PTD benefits, so long as that claim was sufficiently specific under the less stringent standards contained in the law predating the 1994 amendments. The JCC determined that because the E/C failed to accept the claimant as PTD within 21 days of service of a claim, which claim the JCC held met the specificity requirements of section 440.19(1)(e), claimant's attorney was entitled to recover an attorney's fee pursuant to section 440.34(3)(b), Florida Statutes (Supp. 1990).
We hold that the JCC correctly concluded that the legislative repeal of the 21-day rule set forth in section 440.34(3)(b), Florida Statutes (Supp. 1990) affects a party's substantive rights and, therefore, the statute as it existed in 1990 applies to this claim for attorney's fees. See City of Crestview v. Howard, 657 So.2d 73 (Fla. 1st DCA 1995) (wherein this court held that, because section 440.34(3)(b) is a fee statute impacting the respective rights and responsibilities of the parties, the statute is substantive and amendments to the statute occurring after a claimant's injury cannot be retroactively applied). The JCC correctly decided that the docketing judge's dismissal of a claim that the docketing judge treated as a petition which, in fact, met the specificity requirements of section 440.19(1)(e), Florida Statutes (1991), did not preclude an award of attorney's fees under section 440.34(3)(b), Florida Statutes (Supp. 1990). That statute provided, in pertinent part:
(3) A claimant shall be responsible for the payment of his own attorney's fees, except that a claimant shall be entitled to recover a reasonable attorney's fee from a carrier or employer:
.....
(b) In any case in which the employer or carrier fails or refuses to pay a claim filed with the division which meets the requirements of s. 440.19(1)(e) on or before the 21st day after receiving notice of the claim, and the injured person has employed an *1231 attorney in the successful prosecution of his claim.
The claimant in the present case complied with the procedure set forth in section 440.191, Florida Statutes (Supp. 1994), by filing a request for assistance initiating the EAOO process. At the same time, the claimant filed a claim for benefits which met the specificity requirements of section 440.19(1)(e), Florida Statutes (1991), to preserve her right to recover an attorney's fee under section 440.34(3)(b), Florida Statutes (Supp. 1990). Although the legislatively created anomaly caused by the concurrent applicability of these two provisions leads to an unexpected result, complicating the procedures for filing a claim, the JCC correctly concluded that the E/C had actual notice of its obligation to make a decision regarding the acceptance of the claimant as PTD within 21 days of receipt of the claim, pursuant to section 440.34(3)(b), Florida Statutes (Supp. 1990).
Accordingly, the order of the JCC is AFFIRMED.
BARFIELD and KAHN, JJ., concur.