KAHN, Judge.
Appellant Edgar R. Sanchez challenges a workers’ compensation order dismissing his claim as barred by the statute of limitations. Sanchez seriously injured his back in an industrial accident during the week of July 13 to July 17, 1992, when he fell fourteen feet from a scaffolding while working for Acapulco Plasters & Stucco. He filed a “Request for Assistance” on an Employee Assistance Office (EAO) 111EA0036 form and also simultaneously filed a “Claim for Benefits” on a LES (Labor and Employment Security) BCL-16 form, seeking payment of temporary total disability, temporary partial disability, and/or wage loss, determination of average weekly wage and corresponding compensation rate, payment of medical bills, authorization for continuing treatment, and penalties, interest, costs and attorney’s fees. These forms were dated June 27,1994, and received by the Division of Workers’ Compensation, Employee Assistance Office, by certified mail on June 30,1994.
Sanchez also filed a “Petition for Benefits” using the procedures set forth in the newly enacted section 440.191, Florida Statutes (Supp.1994), and section 440.192, Florida Statutes (Supp.1994), seeking the benefits set forth above. The petition was dated July 20, 1994, and received by the Division by certified mail on July 22,1994.
The statute of limitations in effect on the date of the accident, section 440.19, Florida Statutes (1991), provided:
The right to compensation ... under this chapter shall be barred unless a claim therefor which meets the requirements of paragraph (e) is filed within 2 years after the date of injury.
The judge of compensation claims (JCC) observed that the legislature changed section 440.19 effective January 1,1994 to read:
Except to the extent provided elsewhere in this section, all employee petitions for benefits under this chapter shall be barred unless the employee, or the employee’s estate if the employee is deceased, has advised the employer of the injury or death pursuant to s. 440.185(1) and the petition is filed within 2 years after the date on which the employee knew or should have known that the injury or death arose out of work performed in the course and scope of employment.
The JCC noted that claimant had timely filed the Request for Assistance and the Claim for Benefits. However, the JCC determined that since the legislature removed the word “claim” from section 440.19 and substituted the word “petition,” a petition must be filed to toll the statute of limitations even though the date of accident preceded January 1, 1994. The JCC ruled that claimant’s entitlement to workers’ compensation benefits was time barred because the em *300 ployee did not file a “Petition for Benefits” within two years of the date of the accident.
A statute of limitations is to be applied prospectively unless legislative intent to the contrary is express, clear and manifest. Homemakers, Inc. v. Gonzales, 400 So.2d 965 (Fla.1981); Dade County v. Ferro, 384 So.2d 1283 (Fla.1980); Foley v. Morris, 339 So.2d 215 (Fla.1976); Stuyvesant Ins. Co. v. Square D. Co., 399 So.2d 1102 (Fla. 3d DCA 1981). See also Timmeny v. Tropical Botanicals Corp., 615 So.2d 811 (Fla. 1st DCA 1993) (Florida statute providing that limitations period on workers’ compensation claims shall not be tolled or extended by employer’s failure to file notice of injury was plainly substantive in its effect and could not be applied retroactively to employee whose illness commenced before statute’s effective date). The statute governing this workers’ compensation case is section 440.19, Florida Statutes (1991), which required filing of “a claim” within two years after the date of injury. Appellees argue that the word “claim” really means initiation of an action invoking the jurisdiction of a judge of compensation claims. They further urge that, under the 1994 law, such jurisdiction may only be invoked by a petition and, in turn, a petition may not be filed until an employee has exhausted procedures for informal dispute resolution under section 440.191, Florida Statutes (Supp.1994). They conclude that appellant has failed to comply even with the 1991 statute because he has not properly initiated an action within two years. We cannot agree with this argument. In the 1994 law, the legislature chose to require a “petition,” as opposed to the old “claim.” The BCL-16 Claim for Benefits filed by appellant, however, complied with the applicable statute of limitations.
We have previously held in Baptist Manor Nursing Home v. Madison, 658 So.2d 1228 (Fla. 1st DCA 1995), that the claim for benefits required under section 440.19(1), Florida Statutes (1991), has, in some respects, survived the new workers’ compensation law. Noting once again “the legislatively created anomaly caused by the concurrent applicability” (658 So.2d at 1231) of the old Claim for Benefits and the new Request for Assistance, we nonetheless find that the actions undertaken by Sanchez in filing both the Claim for Benefits and the Request for Assistance tolled the statute of limitations. To hold otherwise would effectively shorten the statute because a section 440.192 petition may not be filed until a claimant has exhausted the informal dispute resolution procedures under section 440.191, Florida Statutes (Supp.1994). These pretrial procedures may extend for 30 days or more, section 440.191(2)(d), Florida Statutes (Supp.1994), and the statute does not confer upon the JCC authority to impose sanctions for a party’s failure to attempt to resolve disputes in good faith or to cooperate with the employee assistance office in resolving disagreements. Plouffe v. Lake County Sheriff’s Office, 653 So.2d 507 (Fla. 1st DCA 1995).
REVERSED and REMANDED for further proceedings consistent with this opinion.
BARFIELD, J., and SMITH, Senior Judge, concur.