721 So.2d 1217 (1998)
INTEGRATED HEALTH SERVICES and Gallagher Bassett Services, Inc., Appellants/Cross-Appellees,
v.
Ruth HYDE, Appellee/Cross-Appellant.
No. 97-4707.
District Court of Appeal of Florida, First District.
December 17, 1998.
Donna L. Kerfoot of Vernis and Bowling of the Gulf Coast, P.A., Clearwater, Attorney for Appellant/Cross-Appellee.
Peter C. Burkert, Ft. Myers, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, Attorneys for Appellee/Cross-Appellant.
BOOTH, Judge.
This appeal and cross-appeal arise from an order of the Judge of Compensation Claims (JCC) awarding Claimant attorney's fees and costs pursuant to section 440.34(3)(b), Florida Statutes, based upon the filing of a notice of denial in response to a request for assistance.
The issue before us on appeal is whether Employer/Carrier's (hereinafter E/C) denial of Claimant's "request for assistance" entitles Claimant to attorney's fees, *1218 even though E/C timely paid all benefits following Claimant's petition for benefits.
In 1995, Appellee (Claimant) sustained a compensable back injury and was assigned a 14% permanent impairment rating. E/C began paying Claimant permanent impairment benefits. Claimant filed a request for assistance pursuant to section 440.191, Florida Statutes, seeking permanent and total disability benefits; in response, E/C filed a notice of denial. Claimant subsequently filed a Petition for Benefits, and E/C accepted Claimant as permanently and totally disabled within the 14-day statutory time frame. See § 440.192(8), Fla. Stat. (Supp.1994).
Claimant sought attorney's fees and costs pursuant to section 440.34(3)(b), Florida Statutes, which provides that a prevailing claimant is generally responsible for payment of his own attorney's fees, with the following exception:
[A] claimant shall be entitled to recover a reasonable attorney's fee from a carrier or employer:
.....
(b) [i]n any case in which the employer or carrier files a notice of denial with the division and the injured person has employed an attorney in the successful prosecution of his claim .... [Emphasis supplied.]
The request for assistance procedure is part of the informal dispute resolution process. Florida Statute section 440.191(2)(d) exempts employers or carriers from liability for attorney's fees for services rendered in connection with the Ombudsman's informal dispute resolution process, unless expressly authorized elsewhere in chapter 440. Neither the filing nor the denial of the request for assistance entitles the JCC to award attorney's fees. There must be a successful prosecution of a claim.
In Karell v. Miami Airport Hilton/Miami Hilton Corp., 668 So.2d 227 (Fla. 1st DCA), rev. denied, 675 So.2d 928 (Fla.1996), this court held that a JCC's jurisdiction in an informal dispute resolution process is limited to proceedings after the filing of a petition for benefits. Fla. R. Workers' Comp. P. 4.020(u)(w)(a petition for benefits, not a RFA, invokes the JCC's jurisdiction). E/C accepted Claimant as permanently and totally disabled within 14 days of receiving the petition for benefits. See § 440.192(8), Fla. Stat. Therefore, the claim was never controverted.
REVERSED.
ERVIN and VAN NORTWICK, JJ., concur.