VAN NORTWICK, J.
Volusia County Fire Services and County Risk Management, respectively the employer and carrier, seek reversal of a order of the Judge of Compensation Claims (JCC) awarding attorney’s fees to the claimant, Alan Eaby, appellee, on the authority of sections 440.34(3)(b) and 440.192(8), Florida Statutes (1995). For the reasons that follow, we agree that an award of attorney’s fees was not warranted in the instant case and reverse.
Claimant was working as a paramedic when he was exposed to the hepatitis C virus during the scope and course of employment. Through a joint petition approved by the JCC, the condition was accepted as a com-pensable, occupationally contracted disease. On September 3, 1996, his authorized treating physician released the claimant from work for two weeks while claimant undertook interferon therapy. On October 2, 1996, the claimant filed a request for assistance seeking permanent total disability (PTD) benefits from September 3, 1996, and, in the alternative, temporary total disability (TTD) benefits. By letter dated October 13, 1996, the employer/carrier advised claimant’s counsel that PTD benefits were being denied, but that claimant would receive TTD benefits. In the letter, the carrier stated in pertinent part that “[w]e feel [the PTD] request is premature as Mr. Eaby is not at maximum medical improvement.” The carrier did not file a notice of denial as to the PTD benefits. On November 6,1996, claimant petitioned for PTD benefits or in the alternative, TTD benefits. In the petition, claimant specifically stated that he had not yet attained maximum medical improvement (MMI).
On February 3, 1997, the claimant provided the employer/carrier with information regarding his eligibility for social security disability benefits. Thereafter, on February 25, 1997, the employer/carrier inquired of the claimant’s treating physician concerning the claimant’s MMI status. Subsequently, the employer/carrier was advised that the treating physician had determined that claimant had reached MMI as of September 3, 1996. The employer/carrier accepted claimant as permanently and totally disabled on March 14,1997.
Claimant moved for an award of attorney’s fees pursuant to sections 440.34(3)(b) and *417 440.192(8). Following a hearing, the JCC entered an order awarding fees finding that the employer/carrier denied a requested benefit (that is, PTD benefits), as indicated by the carrier’s letter of November 13, 1996, and, having denied a claim, the employer/carrier was therefore obligated under section 440.192(8) to file a notice of denial. The JCC found further that the carrier did not attempt to investigate the claim, but, rather, built a “wall of willful ignorance.”
Given the unique facts of the instant case, the award of fees was contrary to statutory law. No authority has been cited to support fees here, and we do not read section 440.192(8), Florida Statutes (1995), as requiring the employer/carrier to file a notice of denial when it pays one of two alternative claims for indemnity benefits made in a single petition. Obviously, the claimant was not entitled to receive both PTD and TTD benefits for the same period. In addition, by the employer/carrier paying TTD benefits, the claimant was on notice that PTD benefits were not deemed by the employer/carrier to be owing. A notice of denial as to the PTD claim would not have added to the claimant’s knowledge regarding the status of his petition.
Further, while TTD benefits were being paid, claimant was administratively accepted as PTD on March 13,1997, within two weeks of the employer/carrier first learning that claimant had reached MMI. Therefore, a “successful prosecution” of a claim was not undertaken. As a result, the instant case does not fall within section 440.34(3)(b), Florida Statutes (1995).
We also cannot agree that competent, substantial evidence supports the JCC’s finding that the employer/carrier built a “wall of willful ignorance” in the instant case. The petition filed in the instant case affirmatively states that claimant had not reached MMI as of the date of the petition, November 6,1996.
The employer/carrier is entitled to rely on the facts stated in the petition until contrary facts are provided for or discovered. Here, no evidence in the record indicates that the employer/carrier had reason to believe any earlier than late February 1997 that the claimant had reached MMI. At that point, upon inquiry, the employer/carrier was notified that the treating physician had determined the claimant’s MMI status as of September 3, 1996, the claimant was accepted as permanently and totally disabled.
REVERSED.
ERVIN and BOOTH, JJ„ Concur.