WOLF, J.
The claimant in this workers’ compensation case appeals an order of the judge of compensation claims (JCC) denying an award of attorney’s fees at the expense of the employer/servicing agent (E/SA) pursuant to section 440.34(3)(b), Florida Statutes (Supp.1990) for fees incurred in obtaining permanent and total disability (PTD) benefits and PTD supplemental benefits. Claimant raises two issues on appeal, neither of which require reversal, and only one of which requires brief discussion: Whether the JCC erred in determining that claimant’s “Request for Assistance,” seeking PTD and PTD supplemental benefits, did not trigger his right to attorney’s fees under the 21-day rule set forth in section 440.34(3)(b), Florida Statutes (Supp.1990).
Claimant was injured during the course and scope of his employment in 1990. His attorney mailed to the Division of Workers’ Compensation of the Department of Labor and Employment Security, on October 25, 1996, a “Request for Assistance” which complied with section 440.191, Florida Statutes (Supp.1994). The “Request for Assistance” sought PTD and PTD supplemental benefits based on the fact that claimant had reached maximum medical improvement (MMI) in September 1995 and had been determined by a vocational expert to be not employable. The “Request for Assistance” was received by the Employee Assistance and Ombudsman Office (EAOO) of the Division on October 29, 1996. The “Request for Assistance” was also received by the employer on October 29, 1996, but was not received by the servicing agent until November 27, 1996. The informal dispute resolution process initiated by the “Request for Assistance” did not lead to the E/SA voluntarily paying claimant the PTD and PTD supplement benefits he sought. Claimant’s attorney, therefore, filed a “Petition for Benefits,” in accordance with section 440.192, Florida Statutes (Supp.1994), on December 16, 1996, seeking the PTD and PTD supplemental benefits previously sought in the “Request for Assistance.” On December 23, 1996, the E/SA voluntarily accepted claimant as permanently and totally disabled.
Claimant’s attorney thereafter sought attorney’s fees at the expense of the E/SA for obtaining the PTD and PTD supplemental benefits on behalf of the claimant. Claimant’s attorney argued in her petition for attorney’s fees that her fees should be paid by the E/SA under the 21-day rule set forth in section 440.34(3)(b), Florida Statutes (Supp.1990), because the E/SA had failed or refused to pay the benefits claimed before the 21st day after receiving notice of the PTD claims and claimant had ultimately been successful in obtaining the claimed benefits. The E/SA argued in response that attorney’s fees were not due under the 21-day rule because they had administratively accepted claimant as PTD within 21 days of receiving notice of the December 16,1996, “Petition for Benefits.” The JCC denied the request for attorney’s fees. The JCC reasoned that although the “Request for Assistance” contained all of the information previously required to be included in a “claim” under the law in effect on the date of claimant’s industrial accident, the “Request for Assistance” could not legally constitute a “claim” for purposes of triggering claimant’s right to attorney’s fees under the 21-day rule set forth in section 440.34(3)(b), Florida Statutes (Supp.1990). We agree.
Given the date of claimant’s industrial accident, the former 21-day rule for obtaining attorney’s fees in a workers’ compensation case governed his right to obtain an award of attorney’s fees in this case. See Baptist Manor Nursing Home v. Madison, 658 So.2d 1228, 1230 (Fla. 1st DCA 1995); City of Crestview v. Howard, 657 So.2d 73, 74 (Fla. 1st DCA 1995). Yet, *992 because claimant’s claims for PTD and PTD supplemental benefits did not mature until after the effective date of the 1994 amendments to the Workers’ Compensation Act, he could not file a “Petition for Benefits” seeking those benefits until after he had first exhausted the informal dispute resolution process outlined in section 440.191, Florida Statutes (Supp.1994). See § 440.191(2)(a), Fla. Stat. (Supp.l994)(“An employee may not fíle a petition requesting any benefit under this chapter unless the employee has exhausted the procedures for informal dispute resolution under this section.”); FCCI Mut. Ins. Co. v. Schnupp, 697 So.2d 1234, 1238 n. 6 (Fla. 1st DCA 1997)(Benton, J., dissent-ingXreading the decision in Baptist Manor Nursing Home as determining that the enactment of the “Request for Assistance” informal dispute resolution process constituted only a procedural and not a substantive change in the workers’ compensation law).
This court has made clear that a “Request for Assistance” cannot constitute a “claim” for benefits under the Workers’ Compensation Act as amended in 1994. See Wright v. Industrial Automotive, 662 So.2d 1321, 1322-23 (Fla. 1st DCA 1995); see also Integrated Health Servs. v. Hyde, 721 So.2d 1217 (Fla. 1st DCA 1998); Sanchez v. Acapulco Plasters & Stucco, 668 So.2d 298, 300 (Fla. 1st DCA 1996). In Baptist Manor Nursing Home, this court was faced with the question of whether a claimant, injured before the effective date of the 1994 amendments to the Workers’ Compensation Act, could obtain an award of attorney’s fees under the 21-day rule where the employer/carrier (E/C) had not accepted her as PTD until more than 21 days after receiving notice of both a “Request for Assistance” filed with the EAOO and a “Claim for Benefits” filed with the Division in accordance with the law in effect at the time of the claimant’s injury. See Baptist Manor Nursing Home, 658 So.2d at 1229-30. In affirming the JCC’s award of attorney’s fees in that case, this court held that the claimant was entitled to an award of attorney’s fees under the 21-day rule because the E/C had clearly been on notice of their obligation under section 440.34(3)(b), Florida Statutes (Supp.1990), to make a decision regarding the acceptance of the claimant as PTD more than 21 days before they accepted her as PTD. See id. at 1231. It is clear from the facts in Baptist Manor Nursing Home that the claimant in that case had preserved her right to attorney’s fees under the 21-day rule by filing an actual “claim” with the Division, in the form of a “Claim for Benefits,” which put the E/C on notice of their obligation under section 440.34(3)(b), Florida Statutes (Supp.1990), to make a decision regarding the acceptance of her as PTD more than 21 days before they actually accepted her as PTD.
In contrast, the claimant in the subject case never filed a “claim” which could have put the E/SA on notice of their obligation under section 440.34(3)(b), Florida Statutes (Supp.1990) to make a decision regarding the acceptance of him as PTD until he filed the “Petition for Benefits” on December 16,1996. As such, claimant was not entitled to an award of attorney’s fees under the 21-day rule for any fees incurred in securing his PTD benefits because the E/SA accepted him as PTD “on or before the 21st day after receiving notice of the claim” for PTD benefits included within the December 16, 1996 “Petition for Benefits.” We recognize, as did the court in Baptist Manor Nursing Home, the “legislatively created anomaly” caused by the concurrent applicability of the new procedure for initiating claims set forth in the 1994 amendments to the Workers’ Compensation Act and section 440.34(3)(b), Florida Statutes (Supp.1990). See Baptist Manor Nursing Home, 658 So.2d at 1231. We must conclude, however, that if claimants covered by the old 21-day rule governing entitlement to attorney’s fees in workers’ compensation cases wish to invoke their right to attorney’s fees under that provision when they file a “Request for Assistance” with the EAOO, they must file something in addition to the “Request for Assistance” which places the E/C or *993 E/SA on actual notice of an obligation to make a decision regarding the acceptance of a “claim” within 21 days. We conclude, as the JCC did, that the “Request for Assistance” in this case could not by itself trigger the claimant’s right to attorney’s fees under the 21-day rule set forth in section 440.34(3)(b), Florida Statutes (Supp.1990). We, therefore, affirm.
ERVIN and WEBSTER, JJ., concur.