765 So.2d 727 (2000)
Andrew SMITH, Appellant,
v.
BURKE PAINTING and FTBA Fund, Appellees.
No. 1D98-1299.
District Court of Appeal of Florida, First District.
January 31, 2000.
Rehearing Denied June 19, 2000.
Dana L. Greenbaum of Greenbaum & Bergman, St. Petersburg, for Appellant.
Alexandra M. DeMaio of Boehm, Brown, Seacrest, Fischer and LeFever, P.A., Tampa, for Appellees.
VAN NORTWICK, J.
In this workers' compensation appeal, Andrew Smith challenges an order denying his claim for an award of attorney's fees under section 440.34(3)(b), Florida Statutes (1995). Under the authority of Integrated Health Servs. v. Hyde, 721 So.2d 1217 (Fla. 1st DCA 1998), we affirm.
Andrew Smith sustained a compensable industrial injury on March 12, 1997, and commenced receiving indemnity benefits thereafter. On April 29, 1997, he filed a request for assistance pursuant to section 440.191, Florida Statutes (1995), seeking an increase in his average weekly wage (AWW) based upon prior employment in the industry and for payment of attorney's fees and costs. Thereafter, on June 3, 1997, Smith filed a petition for benefits seeking an increase in AWW. On June 19, 1997, the carrier, FTBA Fund, filed a form styled "Notice of Denial," in which the carrier stated that it would agree to increase Smith's AWW to include wages earned with the prior employer, would continue to verify wages with the prior employer, and will adjust the AWW if appropriate. The day after the Notice of Denial was filed, the carrier issued Smith an indemnity check reflecting the requested increase in AWW. Smith then sought attorney's fees on the authority of section 440.34(3)(b), Florida Statutes (1995). Following a hearing, the JCC denied the claim for attorney's fees.
Section 440.34(3)(b) provides that attorney's fees can be awarded against the employer and carrier "[i]n any case in which the employer or carrier files a notice of denial with the division and the injured person has employed an attorney in the successful prosecution of his claim...." (Emphasis supplied). In Integrated Health Servs. v. Hyde, 721 at 1218, the *728 claimant filed a request for assistance pursuant to section 440.191, seeking permanent and total disability benefits; in response, the employer/carrier filed a notice of denial. The claimant subsequently filed a petition for benefits, and the employer/carrier accepted claimant as permanently and totally disabled within the 14-day statutory time frame. In Integrated Health, we held that no fees were recoverable because a "successful prosecution" of a claim was not undertaken. We explained there that the request for assistance procedure is part of the informal dispute resolution process, and that section 440.191(2)(d), Florida Statute (Supp.1994), exempts employers or carriers from liability for attorney's fees for services rendered in connection with the informal dispute resolution process, unless expressly authorized elsewhere in chapter 440. Further, neither the filing of nor the denial of the request for assistance entitles the JCC to award attorney's fees, because there must be a successful prosecution of a claim. Id; see also Volusia County Fire Servs. v. Eaby, 725 So.2d 415, 417 (Fla. 1st DCA 1999)(when a claimant is administratively accepted as permanently and totally disabled within two weeks of the employer/carrier first learning that a claimant is at MMI, a "successful prosecution" of a claim was not undertaken within the meaning of section 440.34(3)(b), Florida Statutes (1995)). Thus, in Integrated Health, because "the claim was never controverted" attorney's fees were not owing under section 440.34(3)(b), Florida Statutes (Supp. 1994).[1]Integrated Health, 721 So.2d at 1218.
Integrated Health controls in the instant case. As in Integrated Health, in the present case the claim was never controverted. Despite the carrier styling its communication a denial, the carrier granted Smith the benefits which he sought. Accordingly, the order under review is AFFIRMED.
BENTON AND PADOVANO, JJ., CONCUR.
NOTES
[1] The 1995 version of section 440.34(3)(b), Florida Statute (1995), applicable here, is identical to the version in the 1994 supplement to Florida Statutes.