901 So.2d 887 (2005)
Valerie ZABIK, Appellant,
v.
PALM BEACH COUNTY SCHOOL DISTRICT and F.A. Richard and Associates, Inc., Appellees.
No. 1D03-1606.
District Court of Appeal of Florida, First District.
March 29, 2005.
*888 Randall T. Porcher of Gonzalez & Porcher, West Palm Beach, for Appellant.
Aaron S. Bass of Silver, Levy & Feldman, P.A., West Palm Beach, for Appellees.
PER CURIAM.
In this workers' compensation appeal, the claimant, Valerie Zabik, appeals an order of the Judge Of Compensation (JCC) denying her request for attorney's fees and costs. For the reasons set forth herein, we affirm in part, reverse in part, and remand.[1]
On April 7, 2000, the claimant suffered a fracture to her right femur and hip in a compensable accident. The employer/carrier, Palm Beach County School District and F.A. Richard and Associates, Inc., accepted the claimant as temporarily and totally disabled (TTD) and paid TTD benefits. On May 7, 2002, after the claimant had exhausted her entitlement to TTD benefits, the employer/carrier suspended all benefits. The claimant retained an attorney, and on July 15, 2002, she filed a petition for benefits requesting permanent total disability (PTD) benefits. The employer/carrier received the petition on July 17, 2002, and began paying PTD benefits on August 13, 2002. Thereafter, counsel for the claimant filed an attorney fee affidavit and verified petition, contending that the claimant is entitled to attorney's fees and costs under section 440.34(3)(b), Florida Statutes (1999), because the employer/carrier failed to pay the requested benefits within fourteen days of receiving the petition for benefits. The employer/carrier defended the claim, contending that pursuant to the informal dispute resolution provision of section 440.191(2)(d), Florida Statutes (1999), they had thirty days to investigate the claim before becoming liable for attorney's fees. The JCC entered an order denying the claim for attorney's fees and costs, which included the following relevant findings:
[The Employer/Servicing Agent] voluntarily accepted Ms. Zabik as being Permanently and Totally Disabled on August 13, 2002, within 30 days of the Employer/Servicing Agent's July 17, 2002, receipt of the July 15, 2002 Petition for Benefits. I find that this evidence supports the conclusion that the Employer/Servicing [Agent] never intended to deny Permanent Total Disability Benefits to Ms. Zabik. Rather, the evidence reflects that the Employer/Servicing Agent operated under their interpretation of Section 440.34(3) F.S., as recently amended, that they had 30 days in which to accept or deny the Petition for Permanent Total Disability Benefits,... and began timely paying said benefits, within that period of time. I also find that this apparently timely and voluntary acceptance of PTD benefits to the Claimant vitiates the argument that the Claimant attorney successfully prosecuted a petition pursuant to section 440.34(a) F.S.
* * *
I have determined that the Employer/Servicing [Agent] had reasonable grounds for its belief that [it] enjoyed a 30[day] determination period from its receipt of the July 15, 2002 Petition for *889 Benefits to provide or deny the benefit requested. Prior to the July 1, 2002 amendments and pursuant to section 440.191(2)(d) (1994), employers and carriers could utilize a maximum time frame of 30 investigatory days before being exposed to liability for attorneys fees for denying a petition for benefits. Ostensibly, the legislature intended to replace the time frames for previous combined informal dispute resolution/petition for benefits process with the following language contained in the revised 440.34(3) F.S. (2002): "Regardless of the date benefits were initially requested, attorney's fees shall not attach under this subsection until 30 days after the date the carrier or employer, if self insured, receives the petition." I find that under the singular facts of this case, the E/SA has not incurred liability for attorneys fees relative to PTD benefits. In this regard, I find that the Claimant's attorney has not successfully prosecuted the July 15, 2002 Petition for Benefits as it pertains to the Permanent Total Disability Benefits.
This timely appeal followed.
Pursuant to section 440.34(3)(b), Florida Statutes (1999), a claimant recovers attorney's fees if the employer/carrier files a notice of denial and the claimant is successful in the prosecution of the claim. At issue in this case is whether the claimant was successful in the prosecution of her claim for PTD benefits. The circumstances giving rise to a successful prosecution are not limited to the award of the requested benefits after a merits hearing. See Mitchell v. Sunshine Cos., 850 So.2d 632, 633 (Fla. 1st DCA 2003). Instead, a claim is successfully prosecuted when counsel for the claimant employs more than minimal effort to procure benefits for the claimant. See id. (concluding that the procurement of benefits after mediation constitutes a successful prosecution); A.B. Taff & Sons v. Clark, 110 So.2d 428, 434 (Fla. 1st DCA 1959) ("[N]o attorney's fee is assertable against the employer for the performance of the simple act of filing a claim by the employee.").
In this case, the JCC's decision to deny attorney's fees for lack of successful prosecution is essentially based on two findings: (1) the employer/carrier never controverted the claimant's petition for benefits; and (2) the employer/carrier voluntarily payed benefits in a timely manner. With regard to the first finding, we agree that a claimant is generally not entitled to attorney's fees where the request for benefits has never been controverted. See Smith v. Burke Painting, 765 So.2d 727 (Fla. 1st DCA 2000); Integrated Health Servs. v. Hyde, 721 So.2d 1217 (Fla. 1st DCA 1998). With regard to the second finding, we must respectfully disagree because under the proper interpretation of the law, the employer/carrier's payment of PTD benefits was not timely.
Section 440.191(2)(a), Florida Statutes (1999), contained a pre-petition process that was in place on the date of claimant's accident; however, the claimant filed her petition for benefits on July 15, 2002, after the effective date of the statutory amendment which removed this mandatory pre-petition requirement. The express language of former section 440.191(2)(a) described this pre-petition process as procedural in nature.[2] Further, this court has recognized that the informal dispute resolution procedure contained within section 440.191 is procedural, not substantive. See Vilches v. City of Dunedin, *890 738 So.2d 990, 992 (Fla. 1st DCA 1999); Baptist Manor Nursing Home v. Madison, 658 So.2d 1228, 1231 (Fla. 1st DCA 1995). A procedural change in the statute is applied after the effective date of the amendment, without regard to the date of the accident and injury. See Litvin v. St. Lucie County Sheriff's Department, 599 So.2d 1353, 1355 (Fla. 1st DCA 1992). Thus, because the amendments to section 440.191(2)(a) and section 440.191(2)(d) were effective prior to the filing of the petition for benefits in the instant case, claimant was not obligated to exhaust the procedures for informal dispute resolution and the employer/carrier was not entitled to the thirty-day grace period of section 440.191(2)(d).
While the thirty-day pre-petition process under section 440.191(2) is procedural, this court has recently held that the 2002 amendment to section 440.34(3), permitting the employer/carrier thirty days within which to provide benefits before being responsible for payment of attorney's fees, is a substantive change to the statute and cannot be retroactively applied. See Stolzer v. Magic Tilt Trailer, Inc., 878 So.2d 437 (Fla. 1st DCA 2004). Thus, the attorney's fee statute in effect on the date of the accident, section 440.34(3)(b), Florida Statutes (1999), applies in this case.
Because we are unable to discern the weight the JCC gave to each factor in denying attorney's fees, we reverse. On remand, the JCC should reconsider whether the claimant is entitled to attorney's fees under section 440.34(3)(b). In doing so, the JCC should determine whether counsel for the claimant employed more than minimal effort to procure the requested PTD benefits. If the JCC determines a fee should be awarded, the JCC shall determine an appropriate fee based upon the statutory factors in section 440.34(1), Florida Statutes (1999), including the time reasonably spent by the claimant's attorney in obtaining the requested PTD benefits.
Accordingly, we reverse the portion of the JCC's order denying attorney's fees for the procurement of PTD benefits and remand for further proceedings consistent herewith.
AFFIRMED in part, REVERSED in part, and REMANDED.
DAVIS, VAN NORTWICK AND HAWKES, JJ., concur.
NOTES
[1] The parties on appeal do not challenge the portion of the final order awarding attorney's fees and costs for the claimant's procurement of medical benefits for physical therapy. Therefore, we affirm that part of the JCC's order.
[2] Section 440.191(2)(a) provides:

An employee may not file a petition requesting any benefit under this chapter unless the employee has exhausted the procedures for informal dispute resolution under this section.