979 So.2d 402 (2008)
CTL DISTRIBUTION, INC. and Gallagher Bassett Services, Inc., Appellants,
v.
Steven WOOD, Appellee.
No. 1D07-2409.
District Court of Appeal of Florida, First District.
April 21, 2008.
*403 Kevin G. Malchow and Keef F. Owens of Zimmerman, Kiser & Sutcliffe, P.A., Orlando, for Appellants.
Raymond F. Ayres, II, Lakeland and Bill McCabe, Longwood, for Appellee.
BENTON, J.
At issue on this appeal is a workers' compensation claimant's entitlement under section 440.34(3)(b), Florida Statutes (1999), to attorney's fees at his employer's expense, where the employer filed no pleading in response to his petition for benefits but paid all benefits then due and owing within fourteen days of the petition's filing.

I.
Injured while working for CTL Distribution, Inc. ("CTL"), on September 24, 1999, Steven Wood sought and received permanent total disability benefits from his employer and its servicing agent, Gallagher Bassett Services, Inc. When Mr. Wood turned 65 on September 15, 2002, he became entitled to supplemental benefits as well as permanent total disability benefits. See generally Scott v. Mohawk Canoes, 730 So.2d 731, 732 (Fla. 1st DCA 1999).
Because the supplemental (but not the underlying permanent total disability) benefits went unpaid, a lawyer filed a petition for benefits seeking supplemental benefits on Mr. Wood's behalf. Filed June 14, 2005, and received by CTL's servicing agent two days later, the petition sought "Supplemental Permanent Total Disability benefits from 09/15/2002 as the claimant turned 65 years old on that date." The petition did not specifically ask for disability payments to the present "and continuing" or for any other future benefits.
On June 28, 2005, CTL's servicing agent paid Mr. Wood more than $15,000, representing all supplemental benefits ripe, due and owing at the time the petition for benefits was filed (and through July 1, 2005), together with all related penalties and interest. See Amerimark, Inc. v. Hutchinson, 882 So.2d 1114, 1115 (Fla. 1st DCA 2004) (holding payment of a claim for benefits occurs on the date that a check is placed in the mail). Mr. Wood concedes the payment made on June 28, 2005, was full payment and that no attorney's fee is owed on account of it.

II.
The next four biweekly checks Mr. Wood received (for the period July 2, 2005, through August 26, 2005) paid him permanent total disability benefits in full, but did not include supplemental permanent total disability benefits. Not until August 31, 2005, when CTL and its servicing agent (on their own initiative) corrected the underpayments,[1] did the checks they sent *404 begin covering both permanent total disability and supplemental permanent total disability benefits. Regularly thereafter checks to Mr. Wood paid both permanent total disability and supplemental permanent total disability benefits in full as they came due.
On September 21, 2006, Mr. Wood's attorney filed a petition for attorney's fees seeking a fee for securing supplemental permanent total disability benefits. In response, CTL and its servicing agent contended claimant's attorney was not entitled to a fee because they had timely paid all benefits that were ripe, due, and owing at the time claimant filed his June 14, 2005 petition, and did so less than 14 days after the petition was received. The ensuing underpayments in July and August of 2005 had also been remedied, they contended, more than a year before the second petition was filed on September 21, 2006.
After a hearing on claimant's second petition,[2] the judge of compensation claims entered the final order under review, awarding attorney's fees on account of the late payment of supplemental permanent total disability benefits for the period July 2, 2005, to August 26, 2005. At the hearing, the parties agreed that the servicing agent discovered and corrected the final four biweekly checks' insufficiencies itself, without  apart from the initial June 14, 2005 petition  claimant's counsel's participation in any way. It is not clear from the record that Mr. Wood's lawyer was aware of the problem before it was fixed. The order concluded, nevertheless, that the claimant was entitled to an award of attorney's fees[3] on the ground that "even though [CTL and its servicing agent] paid the past due supplemental benefits, they [initially] failed to continue paying the Claimant permanent total supplemental benefits thereafter."

III.
Mr. Wood contends that the fee award should be upheld, arguing that he is entitled to have his fees paid by CTL or its servicing agent by virtue of the following statutory language:
(3) . . . A claimant shall be responsible for the payment of her or his own attorney's fees, except that a claimant shall be entitled to recover a reasonable attorney's fee from a carrier or employer:
. . .
(b) In any case in which the employer or carrier files a notice of denial with the division and the injured person has employed an attorney in the successful prosecution of the claim[.]
*405 § 440.34(3), Fla. Stat. (1999). But this statutory provision does not authorize recovery of an attorney's fee from an employer unless the "employer or carrier files a notice of denial with the division."
Since neither CTL nor its servicing agent filed  or can be deemed under our cases to have filed in effect  a notice of denial, the statute does not authorize a fee award. It is impossible to construe the appellants' response to the June 14, 2005 petition for benefits as a denial of the petition: Within 14 days, they paid all benefits the petition sought that were then ripe, due and owing, thus accepting the claim. The present case bears scant resemblance to Mitchell v. Sunshine Cos., 850 So.2d 632, 633 (Fla. 1st DCA 2003), where we held that the "employer/carrier did not then accept the claim, and the failure to timely respond is treated as the procedural equivalent of a notice of denial," that justified an award of attorney's fees. See also Zabik v. Palm Beach County Sch. Dist., 901 So.2d 887 (Fla. 1st DCA 2005).
CTL and its servicing agent neither denied the claim nor elected to "pay and investigate": Section 440.192(8), Florida Statutes (1999), provides that "[w]ithin 14 days after receipt of a petition for benefits by certified mail, the carrier must either pay the requested benefits without prejudice to its right to deny within 120 days from receipt of the petition or file a notice of denial with the division." The present case differs from Zabik, Mitchell and Russell Corp. v. Brooks, 698 So.2d 1334, 1335 (Fla. 1st DCA 1997), where we said that the "failure to respond to the petition for benefits . . . operated not as an admission of compensability but as a denial of every allegation in the petition for benefits," that might lead to an attorney's fee award. Appellants' payment of all the benefits the petition sought that were then ripe, due and owing contrasts starkly with the filing of a notice of denial. See Smith v. Burke Painting, 765 So.2d 727 (Fla. 1st DCA 2000) (affirming denial of fee award because the claim was never controverted); Integrated Health Servs. v. Hyde, 721 So.2d 1217, 1218 (Fla. 1st DCA 1998) (reversing award of fees where "E/C accepted Claimant as permanently and totally disabled within 14 days of receiving the petition").

IV.
The subsequent, apparently inadvertent underpayments reflected no change in position, and were remedied without the involvement of Mr. Wood's lawyer. They gave rise to no separate claim, except for attorney's fees. The servicing agent's correcting the amount of the biweekly checks  albeit in the wake of the initial petition and rectifying payment  was not something in which claimant's counsel really had a hand. This is one important difference distinguishing the present case from cases like National Distributing Co. v. Campbell, 632 So.2d 647, 648-49 (Fla. 1st DCA 1994) (approving a fee award under an earlier statute where counsel "for the claimant wrote two letters to the adjuster" which led to the resumption of benefits after the carrier had first "decline[d]" to keep paying).
The petition filed September 21, 2006, sought attorney's fees only. Redress for the underpayment that followed the initial payment in response to the June 14, 2005 petition did not constitute "benefits obtained as a result of the claimant's attorney's legal services rendered in connection with the claim for benefits." § 440.34(2), Fla. Stat. (1999). The time records Mr. Wood's attorney submitted in support of the fee award petition reflected no time expended  not so much as a telephone call  after the filing of the initial June 14, *406 2005 petition for benefits, the acceptance of which Mr. Wood concedes did not result in entitlement to a fee award.
Reversed.
DAVIS and THOMAS, JJ., concur.
NOTES
[1] The judge of compensation claims found that the supplemental benefits for the period between July 2, 2005, and August 26, 2005, totaled $839.04. The supplemental benefits for this period and related penalties and interest are not themselves at issue in this proceeding.
[2] On July 17, 2006, at a hearing on the merits of claimant's June 14, 2005 petition for supplemental benefits (where Mr. Wood's attorney agreed that CTL and its servicing agent had paid all past due supplemental benefits for the period between September 15, 2002, and July 1, 2005, together with penalties and interest, within 14 days of receiving the petition), the judge of compensation claims concluded that all issues raised by the June 14, 2005 petition had been resolved except Mr. Wood's entitlement to attorney's fees and instructed his attorney to file a petition for attorney's fees. Claimant then filed a second petition on September 21, 2006, that gave rise to the order under review.
[3] The judge of compensation claims calculated a statutory fee of $167.81 based on the $839.04 that appellants voluntarily paid, but concluded that "a statutory guideline fee would be unreasonable and unfair in this case," and ordered appellants to pay an attorney's fee of $3,960 and to reimburse $215 in costs.