BENTON, Judge.
Below Karen Corkery sought recalculation of her average weekly wage, payment of a hospital bill, and penalty and interest she alleged she was owed on account of late indemnity payments. On the record at hearing, appellees agreed to pay the hospital bill, if submitted on the prescribed form, an agreement appellate counsel reiterated at oral argument. The judge of compensation claims denied all relief. Except as to the *885 denial of penalty, interest, attorney’s fees, and costs, we affirm the order under review.
While working as a waitress for Best Wings of Cape Coral, Ms. Corkery fell and injured her knee on May 21, 1996. Her employer’s workers’ compensation insurance carrier made temporary total disability indemnity payments, the first of which was, however, untimely. The amount of each indemnity payment was based on her average weekly wage, as calculated by the insurance carrier. Average weekly wage is determined on the basis of “wages,” as defined by the Workers’ Compensation Law in section 440.02(24), Florida Statutes (1995).
By petition for benefits, Ms. Corkery sought an upward adjustment to average weekly wage, on the basis of unreported tips. Such an adjustment is warranted only if she received tips which were “reported for federal income tax purposes.” § 440.02(24), Fla. Stat. (1995). She put tax forms in evidence to prove she had reported the $1275 in question for income tax purposes. In fact, the forms prove the contrary. Her 1996 Internal Revenue Service Form 1040EZ returns no unreported tip income. Schedule U to Form 1040 and Form 4137 also put unreported tip income at zero (even though an attached, contradictory statement might be deemed a report for social security and medicare tax purposes).
Because the tips that she contends should have been treated as additional wages were not reported for federal income tax purposes, they do not qualify as “wages.” In the circumstances, we need not decide whether Ms. Corkery proved that she met the additional requirement of reporting gratuities “to the employer in writing as taxable income received in the course of employment from others than the employer.” § 440.02(24), Fla. Stat. (1995). We affirm the denial of the petition insofar as it sought recalculation of average weekly wage.
We reverse the denial of the petition insofar as it sought penalty and interest, however. The initial payment of indemnity benefits was late because the employer was confused about the identity of his workers’ compensation insurance carrier. While we do not question the good faith either of the employer or of its insurance carrier, it cannot be said that the delay in payment was due to “conditions over which the employer or carrier had no control.” § 440.20(6), Fla. Stat. (1995). We read the statute as forgiving penalties and interest only when neither the employer nor the carrier could have prevented the untimeliness.
Because Ms. Corkery should have prevailed as to penalty and interest, she is entitled to an award of costs on remand. § 440.34(3), Fla. Stat. (1995). Ms. Corkery is also entitled to an award of attorney’s fees on remand, § 440.34(3)(b), Fla. Stat. (1995), but “the judge of compensation claims must ... consider only such benefits and the time reasonably spent in obtaining them as were secured for the claimant.” § 440.34(3), Fla. Stat. (1995).
Affirmed in part, reversed in part, and remanded.
ERVIN and VAN NORTWICK, JJ„ concur.