736 So.2d 768 (1999)
McDONALD'S RESTAURANT # 7160 and McDonald's Claim Center, Appellants/Cross-Appellees,
v.
Maryann MONTES, Appellee/Cross-Appellant.
No. 98-3505.
District Court of Appeal of Florida, First District.
July 7, 1999.
Scott B. Miller of Hurley, Rogner, Miller, Cox & Waranch, P.A., Orlando, for Appellants/Cross-Appellees.
Debra J. Sirkin of Gierach & Gierach, P.A., Orlando, for Appellee/Cross-Appellant.
ERVIN, J.
The employer and carrier, McDonald's Restaurant # 7160 and McDonald's Claim Center (E/C), appeal a final order awarding attorney's fees to the claimant, Maryann Montes, in connection with a petition for benefits filed August 21, 1995. Montes cross-appeals the denial of her claims for attorney's fees connected with her petitions for benefits filed April 4, 1995, and July 17, 1995, and with her request for authorization of her chiropractor. We affirm all issues raised in the direct appeal without discussion, and reverse and remand one of the issues raised in the cross-appeal, because claimant's attorney successfully obtained temporary benefits pursuant to the petition of April 4, 1995, following the E/C's denial thereof.
Montes was injured on January 21, 1995. She filed a petition for benefits on April 4, 1995, seeking temporary total disability (TTD) and/or temporary partial disability (TPD) benefits, which the E/C received on April 10. On April 26, the E/C obtained a letter from claimant's treating chiropractor, Dr. Esposito, stating that Montes was TTD for four weeks commencing April 3, whereupon the E/C began paying TTD benefits on May 3, 1995, for the periods April 3 through April 23, and April 24 through April 30. The judge of compensation claims (JCC) denied claimant's request for attorney's fees and costs during this period, because the carrier had paid benefits within 14 days of notice from Dr. Esposito that temporary benefits were due. This was error.
*769 Under section 440.192(8), Florida Statutes (1995), a carrier that fails to respond to a claimant's petition for benefits within 14 days is deemed to have denied the claim. Russell Corp. v. Brooks, 698 So.2d 1334 (Fla. 1st DCA 1997). The E/C did not deny or commence payments within 14 days of receiving claimant's April 4, 1995, petition for benefits, but instead did not respond, which operated as a denial. Therefore, pursuant to section 440.34(3)(b), Florida Statutes (1995), which authorizes fees to a claimant who successfully prosecutes a claim following notice of denial, Montes is entitled to fees for securing these benefits.
The E/C relies upon Indian River County School Board v. Baker, 695 So.2d 898 (Fla. 1st DCA), review denied, 703 So.2d 475 (Fla.1997), which is inapposite. This case involved the former 21-day rule provided by section 440.34(3)(b), Florida Statutes (1991), which stated that a claimant was entitled to fees in cases wherein the E/C failed or refused to pay a claim "on or before the 21st day after receiving notice of the claim." The JCC in that case acknowledged that the claim for permanent total disability (PTD) benefits was premature, because Baker was not yet at maximum medical improvement (MMI). Nevertheless, the JCC held that the E/C was on notice of the ripened claim when it called Baker's doctor and could have learned that Baker was at MMI, had the E/C asked the right questions. This court disagreed and determined that the operative date was instead the date that the doctor actually informed the E/C that Baker was at MMI, and thus the E/C's commencement of PTD benefits within 21 days was timely. Id. at 899.
The JCC in the case at bar similarly concluded that the E/C was first placed on notice of Montes's claim for TTD/TPD benefits on April 26, 1995, when it received Dr. Esposito's letter. This case, however, differs from Indian River, because the claim for TTD/TPD benefits was mature when filed on April 4, Dr. Esposito having found that Montes was TTD from April 3 forward. The E/C was therefore on notice of claimant's petition upon receipt thereof on April 10. See also Soriano v. Gold Coast Aerial Lift, Inc., 705 So.2d 636 (Fla. 1st DCA 1998).
AFFIRMED IN PART, REVERSED IN PART and REMANDED for further proceedings consistent with this opinion.
WOLF and WEBSTER, JJ., CONCUR.