788 So.2d 417 (2001)
Brenda FEINBERG, Appellant,
v.
MIAMI-DADE COUNTY and Miami-Dade County Risk Management Division, Appellees.
No. 1D00-2565.
District Court of Appeal of Florida, First District.
July 9, 2001.
Martha Fornaris, Daniels, Kashtan, Fornaris, & Oramas, P. A., Coral Gables; Jay M. Levy, Jay M. Levy, P. A., Miami, for Appellant.
Robert A. Ginsburg, Dade County Attorney, and Edward Z. Shafer, Assistant County Attorney, Miami, for Appellees.
POLSTON, J.
We find a lack of support in the record for the JCC's award of attorney's fees. Although the JCC considered the various statutory factors of section 440.34, Florida Statutes (1997), there is no indication of how the award of $13,440.00 was derived. The findings that 76.7 of the claimant attorney's hours were excessive and unrelated to the benefits obtained, and that the claimant's lead attorney's hourly rate should be $200 are unsupported by the record. Moreover, there is no indication of an appropriate rate for the other attorneys working on the case other than the lead counsel.
The JCC is to clearly articulate any additional findings in her final order. See Smith v. U.S. Sugar Corporation, 624 So.2d 315, 318-19 (Fla. 1st DCA 1993)(JCC's determination of hours spent *418 on the case unsupported by the record; hourly rate established by JCC based on what normally is commanded in the district without record support reversed, and case remanded for additional findings); G & A Building Maintenance v. Makuski, 510 So.2d 1074 (Fla. 1st DCA 1987)(JCC's finding of reasonable hourly rate based on own experience without record support was inappropriate).
The attorney's fee order is reversed and remanded for additional proceedings consistent with this opinion.
REVERSED and REMANDED. ERVIN and KAHN, JJ., concur.