850 So.2d 632 (2003)
Gregory MITCHELL, Appellant,
v.
SUNSHINE COMPANIES, Employer/Unisource Administrators, Carrier/Servicing Agent, Appellees.
No. 1D02-2767.
District Court of Appeal of Florida, First District.
July 24, 2003.
William H. McKnight of William H. McKnight, P.A., Tampa, for Appellant.
Joey D. Oquist of Joey D. Oquist & Associates, P.A., St. Petersburg, for Appellees.
ALLEN, J.
The claimant appeals a workers' compensation order denying his request for an attorney's fee award under section 440.34(3)(b), Florida Statutes. As the claimant asserts, he established the necessary predicate for a fee award under the statute and thus should have been found entitled to payment of his attorney's fee.
*633 Section 440.34(3)(b), as effective when the claimant was injured in 1996, provided for the recovery of an attorney's fee when the employer or carrier files a notice of denial and the claimant has employed an attorney in the successful prosecution of a claim for benefits. The claimant here petitioned for permanent total disability benefits, and the carrier filed a notice of denial as to that petition. Several months later the claimant submitted an amended petition again claiming permanent total disability, and the employer/carrier did not file a notice of denial as to the amended petition. The employer/carrier did not then accept the claim, and the failure to timely respond is treated as the procedural equivalent of a notice of denial. Russell Corp. v. Brooks, 698 So.2d 1334 (Fla. 1st DCA 1997); see also Alachua County Bd. of County Comm'rs v. Starling, 699 So.2d 310 (Fla. 1st DCA 1997). As indicated in McDonald's Restaurant # 7160 v. Montes, 736 So.2d 768 (Fla. 1st DCA 1999), the claimant was therefore entitled to a fee award if his attorney then successfully prosecuted the permanent total disability claim.
Rather than proceeding to an evidentiary hearing, the parties participated in mediation and the carrier thereafter agreed to accept the claim. And while this acceptance avoided the necessity of a merits hearing, the attorney's efforts in obtaining the benefits constitutes a successful prosecution of the claim for purposes of an attorney's fee award. Soriano v. Gold Coast Aerial Lift, 705 So.2d 636 (Fla. 1st DCA 1998); see also, e.g., City of Miami Beach v. Schiffman, 144 So.2d 799 (Fla. 1962); Smith v. General Parcel Service, 699 So.2d 741 (Fla. 1st DCA 1997). The claimant thus met both of the necessary criteria under section 440.34(3)(b), so as to establish entitlement to an attorney's fee award.
When the carrier eventually began paying permanent total disability benefits several months after indicating that the claim would be accepted, the payment was made retroactive to a date prior to the claimant's amended petition for such benefits. In denying the subsequent attorney's fee claim, the judge noted that there was no proof at the attorney's fee hearing as to when the claimant attained maximum medical improvement and became permanently totally disabled, and the judge indicated that the claimant had failed to show that he was entitled to permanent total disability benefits before the time of acceptance. However, proof as to such details regarding the merits of the underlying disability claim is not required in the context presented here, with the successful prosecution being achieved on acceptance and payment of the claim. Insofar as the employer/carrier denied the claim which the claimant's attorney thereafter successfully prosecuted, the claimant established his entitlement to an attorney's fee award under section 440.34(3)(b).
The appealed order is reversed, and the case is remanded.
BOOTH and BARFIELD, JJ., concur.