962 So.2d 955 (2007)
Robert MINERD, Appellant,
v.
WALGREENS AND KEMPER NATIONAL INSURANCE COMPANIES, Appellees.
No. 1D06-2404.
District Court of Appeal of Florida, First District.
July 24, 2007.
Rehearing Denied August 29, 2007.
Gilbert R. Panzer of Law Office of Gilbert R. Panzer, Jr., P.A., Boynton Beach, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for Appellant.
Kip O. Lassner and Samuel S. Frankel, Jr., of Cole, Scott & Kissane, P.A., Plantation, for Appellees.
PER CURIAM.
In this workers' compensation appeal, claimant, Robert Minerd, challenges an order of the Judge of Compensation Claims (JCC) awarding him attorney's fees. We reverse and remand for proceedings consistent with this opinion.
The first issue claimant raised was whether the JCC erred in concluding that a reasonable hourly rate was $200.00. The standard of review in a workers' compensation appeal where the issue presented involves a reasonable hourly rate for an attorney's fees is whether competent, substantial evidence supports the JCC's conclusion. See Morris v. Dollar Tree Store, 869 So.2d 704 (Fla. 1st DCA 2004).
In Morris, this Court held that it was improper for the JCC to award an hourly fee of $168.00 when the only witness offering evidence as to the fee amount testified that a case of this type warranted an hourly fee of $200.00. This Court explained:
[I]n deciding what is a reasonable hourly rate, [the JCC] may consider the fee customarily charged in the area for similar legal work. In making such assessment, the award must be predicated upon expert testimony regarding the reasonableness of the hourly rate.
869 So.2d at 706 (citations omitted).
In the instant case, the JCC concluded that $200.00 was a reasonable hourly rate. There is, however, no competent, substantial evidence in the record to support this conclusion. Claimant's counsel opined that a reasonable hourly rate would be $265.00 per hour. Employer/carrier's (E/C's) counsel opined that a reasonable hourly rate would be $225.00 per hour. This was the only evidence presented on the issue.
The second issue claimant raised was whether the JCC erred in concluding that claimant's counsel expended only 18 hours on establishing entitlement to attorney's fees. The standard of review in a workers' compensation appeal in which the issue presented involves the reasonableness of an attorney's fee award is whether competent, substantial evidence supports the award. See Sanchez v. Woerner Mgmt., Inc., 867 So.2d 1173 (Fla. 1st DCA 2004).
*957 In Sanchez, this Court held that it was improper for a JCC to make deductions to claimant's counsel's sworn affidavit and expert testimony regarding the hours that claimant's counsel represented he reasonably expended in securing benefits on behalf of his client, when neither were rebutted with anything more than argument by the E/C. This Court explained:
The most telling deficiency in the fee awarded is that no evidence was submitted [o]n behalf of the numerous itemized reductions. Appellee, the [E/C], made no effort to cross-examine claimant's lawyer regarding the reasonableness of the fee he submitted for approval. The decreases appear to rest entirely upon the JCC's subjective belief and personal experience of what to him seemed reasonable for the amount of time represented by counsel in serving his client. Such an analysis makes informed appellate review impossible.
Id. at 1174.
In the instant case, claimant's counsel submitted two time sheets representing that he expended a total of 112 hours on claimant's case. The JCC made reductions and deletions to entries in the time sheets which he deemed to be clerical/non-attorney tasks, memo to status and inter-office communications with assistant, vague/non-specific tasks, tasks unnecessary or unrelated to benefits secured, and excessively billed in relation to tasks claimed. There is, however, no competent, substantial evidence in the record to support any of the JCC's reductions or deletions. E/C neither cross-examined claimant's counsel regarding the reasonableness of the entries in the time sheets nor presented any evidence on the subject. Therefore, as in Sanchez, informed appellate review is impossible here because it appears that the JCC's reductions and deletions were based solely on the JCC's own subjective and personal experience of what he deemed reasonable and not on competent, substantial evidence.
REVERSED AND REMANDED for further proceedings consistent with this opinion.
VAN NORTWICK, LEWIS, and ROBERTS, JJ., concur.