989 So.2d 709 (2008)
Howard FRANCO, Appellant,
v.
SCI AT the PALMER CLUB AT PRESTANCIA and Zurich North America, Appellees.
No. 1D07-1287.
District Court of Appeal of Florida, First District.
August 27, 2008.
Keith A. Mann, Sarasota, and Bill McCabe, Longwood, for Appellant.
Cindy R. Galen of Eraclides, Johns, Hall, Gelman, Johannessen & Kempner, L.L.P., Sarasota, for Appellees.
PER CURIAM.
At issue in this workers' compensation case is whether claimant's attorney is entitled to be paid an attorney fee and costs by the employer/servicing agent (e/sa) under section 440.34(3)(b), Florida Statutes (2006). We find the Judge of Compensation Claims erred in denying entitlement to a fee and reverse and remand.
In determining whether claimant was entitled to an attorney fee from the e/sa, the JCC correctly found the petition was accepted when payment was made, not when forms indicating the acceptance of PTD were completed. See Amerimark, Inc. v. Hutchinson, 882 So.2d 1114, 1115 (Fla. 1st DCA 2004).
*710 The JCC then addressed whether claimant's attorney met the burden of establishing entitlement under section 440.34(3), Florida Statutes (2006), which provides that a fee is due when the following circumstances exist: the "carrier files a response to petition denying benefits;" there is a "successful prosecution of the petition;" and a period of 30 days elapses from "the date the carrier . . . receives the petition." When applying this section, the JCC relied on Zabik v. Palm Beach County School District, 901 So.2d 887 (Fla. 1st DCA 2005), to find the claim was never controverted and claimant's attorney did not successfully prosecute the petition because "more than minimal effort to procure benefits for the claimant" was necessary. The JCC's reliance is misplaced. Section 440.34, Florida Statutes, has been amended since 2000 when Zabik's accident occurred. The 2003 amendments removed the discretionary factors in section 440.34(1), Florida Statutes (2000). See Ch.2003-412, § 26, at 3943-3944, Laws of Fla.
Here, there is no dispute that the e/sa failed to accept or deny the petition within 14 days of its receipt. Consequently, the e/sa are deemed to have denied the petition. See McDonald's Rest. #7160 v. Montes, 736 So.2d 768, 769 (Fla. 1st DCA 1999); Russell Corp. v. Brooks, 698 So.2d 1334, 1335 (Fla. 1st DCA 1997). Successful prosecution is achieving "acceptance and payment of the claim." See Mitchell v. Sunshine Cos., 850 So.2d 632, 633 (Fla. 1st DCA 2003). The parties agreed payment was made on the 31st day following the e/sa's receipt of the petition.
Because more than 30 days elapsed from the date the e/sa received the petition and claimant successfully achieved acceptance and payment of the claim, all of the statutory requirements of section 440.34(3), Florida Statutes (2006), have been met. Consequently, Claimant's attorney established entitlement to a fee and costs at the expense of the e/sa. The parties agreed that if a fee and costs were due, the proper amounts were $6,702.06 and $14.64, respectively. Accordingly, we reverse the JCC's order and remand for entry of an order directing payment to claimant's attorney a fee in the amount of $6,702.06 and costs of $14.64.
REVERSED and REMANDED, with directions.
KAHN, LEWIS, and POLSTON, JJ., concur.