PER CURIAM.
In this workers’ compensation case, Claimant challenges an order of the Judge of Compensation Claims (JCC) denying penalties and interest on late indemnity payments. For the reasons set forth herein, we affirm in part and reverse in part.
Sections 440.20(6) and 440.20(8), Florida Statutes, govern penalties and interest, respectively. Because those subsections are substantive, the version that applies is that in effect on the date of accident. See Serv. Mgmt. Sys. v. Hood, 790 So.2d 578, 580 (Fla. 1st DCA 2001) (applying section 440.20(6)); E. Indus., Inc. v. Burnham, 750 So.2d 748, 749-52 (Fla. 1st DCA 2000) (same).

PENALTIES

The law as it existed on the date of accident provides that an employer/carrier (E/C) who pays an installment of compensation more than seven days after it becomes due “shall” also pay a penalty of twenty percent of the unpaid installment “unless such nonpayment results from conditions over which the employer or carrier had no control.” § 440.20(6), Fla. Stat. (1997). The JCC here, by considering whether the E/C mailed the missing checks, evidenced that he correctly read this statute as requiring him to determine whether the E/C had control over the delay.
Evidence of an office’s standard mailing practices creates a rebuttable presumption that a particular item was mailed. See Brown v. Giffen Indus., Inc., 281 So.2d 897, 900 (Fla.1973) (holding on rehearing that “reliance on the presumption of mailing on the basis of normal office procedure was reasonable and proper, in light of the total lack of contrary evidence by petitioner”). See also Sweeney v. Citizens Prop. Ins. Corp., 43 So.3d 842, 842-43 (Fla. 1st DCA 2010) (affirming summary judgment by circuit court) (Rowe, J., concurring); City of Hollywood v. Pisseri, 504 So.2d 1262, 1264 (Fla. 1st DCA 1986) (holding E/C did not rebut presumption that it received properly *927 mailed notice); and Watson v. Freeman Decorating Co., 455 So.2d 1097, 1099 (Fla. 1st DCA 1984) (“There is a general presumption that the ordinary course of business has been followed, absent a showing to the contrary.”). Here, the JCC correctly recited this presumption.
The record supports the JCC’s finding of fact that the E/C established entitlement to the presumption by proving the ordinary course of business was followed regarding issuance (and mailing) of checks. Specifically, the adjuster testified the checks were sent “regular mail” and she does not “see the checks before they go out” but “it all goes through finance,” and the payout ledger confirms that hundreds of payments, undisputedly received by Claimant, were made the same way. This evidence is sufficient to permit the JCC to infer that the E/C followed the normal course of business regarding mailing.
The JCC’s finding that Claimant failed to rebut this presumption is not reversible error here. See Fitzgerald v. Osceola County Sch. Bd., 974 So.2d 1161, 1163-64 (Fla. 1st DCA 2008) (holding claimant has burden to prove entitlement to benefits and decision in favor of party without burden of proof need not be supported by competent substantial evidence); Mitchell v. XO Commc’ns, 966 So.2d 489, 490 (Fla. 1st DCA 2007) (same). The JCC was correct to deny penalties.

INTEREST

The law as it existed on the date of accident provides that an E/C who does not pay an installment of compensation when it becomes due “shall pay interest thereon at the rate of 12 percent per year from the date the installment becomes due until it is paid.” § 440.20(8), Fla. Stat. (1997). Notably, this subsection contains no exceptions; in contrast to section 440.20(6), it does not condition itself on whether “such nonpayment results from conditions over which the employer or carrier had no control.” Given the JCC’s unchallenged finding that the payments were late, imposition of interest was mandatory.
The JCC reached the contrary conclusion, and supported his conclusion by citing Corkery v. Best Wings of Cape Coral, 707 So.2d 884 (Fla. 1st DCA 1998). In Corkery, this court reversed a JCC’s denial of penalties and interest on late indemnity payments, writing: “it cannot be said that the delay in payment was due to ‘conditions over which the employer or carrier had no control.’ § 440.20(6), Fla. Stat. (1995). We read the statute as forgiving penalties and interest only when neither the employer nor the carrier could have prevented the untimeliness.” 707 So.2d at 885. The words “and interest” are dicta in the Corkery opinion, given that the relevant wording of subsections 440.20(6) and (8) is identical in both the version applicable there (1995) and the version applicable here (1997), and given that the payments in Corkery were indeed late; Corkery’s result as to interest is the same regardless of the E/C’s control over the delay.

COSTS AND ATTORNEY’S FEES

Given that the JCC erred in declining to award interest, the JCC erred in denying costs based on the pursuit of interest, and may have erred in denying attorney’s fees based on the pursuit of interest. A prevailing claimant “shall” be awarded costs, and may in certain circumstances be entitled to attorney’s fees as well. See § 440.34(3), Fla. Stat. (1997). Consequently, we affirm the order on appeal as to the denial of penalties and the portion of costs and attorney’s fees based on penalties, reverse as to the denial of interest and the portion of costs and attorney’s fees based *928 on interest, and remand for an award of interest, an award of costs based on interest, and reconsideration of an award of attorney’s fees based on interest.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings in accordance with this opinion.
BENTON, C.J., PADOVANO, and ROBERTS, JJ., concur.