MARSTILLER, J.
At issue in this workers’ compensation appeal is whether Claimant may recover attorney’s fees from the Employer/Carrier (“E/C”) under section 440.34(3)(b), Florida Statutes (2008), when the E/C made a *925 $2,000 advance compensation payment pursuant to section 440.20(12)(c), Florida Statutes (2008), 20 days after receiving Claimant’s petition for benefits (“PFB”), but failed to begin paying installments of the requested permanent total disability (“PTD”) benefits within 80 days of receiving the PFB. A successful claimant is entitled to an award of attorney’s fees if payment of a claim occurs more than 30 days after the E/C receives the PFB. The Judge of Compensation Claims (“JCC”) ruled that the $2,000 advance compensation the E/C paid Claimant constituted PTD benefits. Thus, the benefits were timely paid, and Claimant is not entitled to attorney’s fees. We conclude, ,to the contrary, that payment of an advance under section 440.20(12) does not equate to initiating benefit payments, even though the E/C is entitled to deduct the advanced amount from future installments. Because the E/C did not begin Claimant’s PTD benefit payments until 41 days after receiving her PFB, the JCC erred in denying Claimant’s petition for attorney’s fees.
The relevant facts are not in dispute. Claimant sustained a compensable accident on December 31, 2008. She filed a PFB on January 25, 2011, seeking payment of PTD benefits, as well as payment of an attorney’s fee. The E/C received the PFB on January 28, 2011. On February 8, 2011, Claimant filed an unopposed motion for a $2,000 advance as authorized by section 440.20(12), Florida Statutes (2008), which the JCC approved by order the following day. On February 16, 2011, the E/C notified Claimant’s attorney that the claim for PTD benefits was approved. The E/C issued the advance check the next day, February 17, 2011, 20 days after receiving Claimant’s PFB. Finally, on March 10, 2011, 41 days after receiving the PFB, the E/C issued a check paying Claimant PTD benefits for the period June 4, 2010, through March 10, 2011, less the $2,000 advance, and instituted bi-weekly payments thereafter.
Claimant subsequently filed a petition seeking an award of attorney’s fees under section 440.34, asserting as grounds that the E/C initially denied her PFB but ultimately initiated benefit payments, including back benefits, penalties, and interest, due to the efforts of Claimant’s attorney. The JCC denied Claimant’s petition, concluding that an advance paid pursuant to section 440.20(12) is “a discharge of liability from the date thereof until such advance is recouped by offset against subsequent benefits,” and that the $2,000 advance at issue was paid within 30 days of the E/C’s receipt of Claimant’s PFB.
Because the issue on appeal is solely one of statutory interpretation, appellate review is de novo. See Airey v. Wal-Mart, 24 So.3d 1264, 1265 (Fla. 1st DCA 2009). We begin our analysis with the provision under which Claimant asserts entitlement to attorney’s fees. Under section 440.34(3)(b), Florida Statutes (2008), a successful claimant may recover a reasonable attorney’s fee from the E/C “[i]n any case in which the employer or carrier files a response to petition denying benefits with the Office of the Judges of Compensation Claims and the injured person has employed an attorney in the successful prosecution of the petition[.]” The E/C is deemed to have denied a PFB by failing to accept or deny it within 14 days of receipt. See McDonald’s Rest # 7160 v. Montes, 736 So.2d 768, 769 (Fla. 1st DCA 1999); see also § 440.192(8), Fla. Stat. (2008). “Successful prosecution is achieving ‘acceptance and payment of the claim.’ ” Franco v. SCI at the Palmer Club at Prestancia, 989 So.2d 709, 710 (Fla. 1st DCA 2008) (quoting Mitchell v. Sunshine Cos., 850 So.2d 632, 633 (Fla. 1st DCA 2003)). A successful claimant is not enti- *926 tied to attorney’s fees, however, “until 80 days after the date the carrier or employer, if self-insured, receives the petition.” § 440.84(3), Fla. Stat. (2008). Claimant here asserts that she is entitled to fees because the E/C failed to accept or deny her PFB within 14 days, and failed to initiate benefit payments until 41 days after receiving her PFB. We agree.
The JCC’s conclusion that the E/C made timely payment on Claimant’s PFB by making the $2,000 advance compensation payment conflicts with decisions from this Court regarding the nature of such advances. Section 440.20(12)(c), Florida Statutes (2008), permits claimants to request and obtain advances of up to $2,000 under specified circumstances. Although an E/C is entitled to subsequent reimbursement of advanced amounts from “any unpaid installment or installments of compensation due,” see section 440.20(13), Florida Statutes (2008), the advance payment occurs without regard to the E/C’s liability to pay a claimant compensation and/or benefits available under chapter 440. “The statute does not require proof that the injured worker will actually receive any benefits in the future ... and does not limit advances to cases in which compensability is established.” Lopez v. Allied Aerofoam, 48 So.3d 888, 889 (Fla. 1st DCA 2010); see also Workers of Fla. v. Williams, 743 So.2d 609, 609-10 (Fla. 1st DCA 1999) (rejecting E/C’s argument that JCC erred in ordering payment of $2,000 advance “because there was no evidence of legal entitlement to future benefits from which the E/C could recoup the advance,” and distinguishing cases involving advances of more than $2,000). Thus, even though the amount advanced is termed “compensation,” it is not a payment of “compensation due” a claimant.
As the JCC correctly noted, timeliness of payment of benefits is determined not by the date on which the E/C notifies a claimant’s attorney that the claim is accepted and benefits will be paid, but by “the date checks of payment are placed in the mail[.]” See Amerimark, Inc. v. Hutchinson, 882 So.2d 1114, 1115 (Fla. 1st DCA 2004). Here, the first check sent to Claimant that specifically paid her PTD benefits was the check sent on March 10, 2011, 41 days from the date the E/C received the PFB. Because more than 30 days elapsed between the time Claimant submitted her PFB and received payment of the claim, the requirements of section 440.34(3) are met, and Claimant is entitled to recover a reasonable attorney’s fee from the E/C. See Franco, 989 So.2d at 709. Accordingly, we reverse the order on appeal and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
VAN NORTWICK and ROBERTS, JJ., concur.