PER CURIAM.
At issue in this workers’ compensation appeal is whether Claimant’s attorney is entitled to be paid an attorney fee by the Employer/Carrier (E/C) under section 440.34(3)(b), Florida Statutes (2008), based on petitions for benefits filed on July 20, 2009, and November 17, 2009. Because competent substantial evidence (CSE) supports the finding that Claimant’s counsel did not secure benefits sought in the July 2009 petition, we affirm this issue without further comment. As to Claimant’s November 2009 petition, we find the Judge of Compensation Claims (JCC) erred by denying entitlement to a fee, and reverse and remand.
In order to establish entitlement to an E/C-paid attorney’s fee under section 440.34(3), Florida Statutes (2008), the following circumstances must exist: the “carrier files a response to the petition denying benefits,” there is a “successful prosecution of the petition,” and a period of thirty days elapses from “the date the carrier receives the petition.” Franco v. SCI at Palmer Club at Prestancia, 989 So.2d 709, 710 (Fla. 1st DCA 2008). A JCC’s order denying entitlement to an attorney’s fee will be reversed when the findings made by the JCC are not supported by CSE. Hale v. Shear Express, Inc., 946 So.2d 94, 96 (Fla. 1st DCA 2006).
Here, there is no dispute that the E/C failed to respond to Claimant’s November 2009 petition seeking additional dental treatment. Thus, Claimant established that the E/C denied benefits sought in her petition. See McDonald’s Restaurant # 7160 v. Montes, 736 So.2d 768, 769 *236 (Fla. 1st DCA 1999) (holding E/C is deemed to have denied petition by failure to either accept or deny claim within fourteen days). It is undisputed that the E/C agreed to authorize additional compensa-ble dental treatment with Dr. Smarinsky during a February 2010 mediation conference, well in excess of thirty days after the filing of Claimant’s November 2009 petition. Further,.it is undisputed that the E/C accepted and paid Dr. Smarinsky in full (in December 2010) for services rendered on June 24, 2010. Moreover, the E/C’s adjuster testified that but for the motion to compel compliance with the mediation agreement filed by Claimant’s counsel, the bill for services rendered on June 24, 2010, would never have been paid. Thus, Claimant established that Claimant’s attorney successfully prosecuted her claim. See Franco,. 989 So.2d at 710 (noting successful prosecution is achieving “acceptance and payment of the claim”). In Franco, this Court held that because more than thirty days had elapsed from the date the E/C received the petition and claimant had thereafter successfully achieved acceptance and payment of the claim, all of the statutory requirements of section 440.34(3) had been met for entitlement to attorney’s fees. Id. Accordingly, the JCC erred by denying Claimant’s entitlement to an award of attorney’s fees based on her November 2009 claim for additional dental care. For these reasons, this issue on appeal is reversed and remanded for determination as to the amount of the E/C-paid attorney’s fee.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
PADOVANO, WETHERELL, and SWANSON, JJ., Concur.