PER CURIAM.
Claimant makes two arguments in this workers’ compensation appeal, one of which calls for reversing the order in part. We affirm the order of the judge of compensation claims (JCC) insofar as it disapproved the parties’ settlement stipulation regarding $1,500 in attorney’s fees payable by the Employer/Carrier, purportedly authorized by section 440.34(3)(a), Florida Statutes (2009). Section 440.34(3)(a) provides for the award of an attorney’s fee from an employer “[ajgainst whom [a claimant] successfully asserts a petition for medical benefits only, if the claimant has not filed or is not entitled to file at such time a claim for disability, permanent impairment, wage-loss, or death benefits, arising out of the same accident.” (Emphasis added). The JCC ruled that counsel did not secure only (or perhaps any) medical benefits for Claimant, so that, inter alia, the caps in section 440.34(1) apply, not the “alternative attorney’s fee” (of up to $1,500) applicable where an attorney’s fee is owed on a medical benefits-only theory per paragraph (3)(a). § 440.34(7), Fla. Stat. (2009). The JCC invited counsel for the parties to seek a telephonic hearing and provide additional evidence supporting *1000 the alleged medical benefit only claim. But Claimant’s counsel filed only a motion for rehearing that again lacked a meaningful legal or factual basis for approving a medical benefits only attorney’s fee under section 440.34(3)(a).
The JCC’s order did err, however, by reforming the parties’ settlement stipulation and remitting the $1,500 fee to the employee contrary to any apparent intention or agreement of the parties. As Claimant argues, chapter 440 limits the authority of JCCs and does not authorize them to reform the agreements of parties on their own motion. See Bend v. Shamrock Servs., 59 So.3d 153, 156 (Fla. 1st DCA 2011) (“A JCC is not a court of general jurisdiction, and cannot reform contracts or effect a remedy not provided under the Workers’ Compensation Law.”). The JCC was without authority to redirect the attorney’s fee from counsel to claimant as an exercise of plenary equitable jurisdiction. On remand, the parties may petition for the approval of attorney’s fees payable to Claimant’s counsel under section 440.34(3)(b) — not paragraph (3)(a), for the reasons described above — -in discharge of any obligation that the Employer/Carrier may have to Claimant’s counsel for attorney’s fees.
Finally, the $500 amount in the parties’ agreement designated as “out of pocket costs” payable by the Employer/Carrier to Claimant (not her attorney) was not subject to the JCC’s approval at all. This amount was, by all appearances, a negotiated payment to be made to Claimant herself, not an attorney’s fee subject to the JCC’s approval under chapter 440.
Accordingly, we REVERSE IN PART the order on appeal insofar as it reforms the stipulation with respect to the $1500 attorney’s fee, and REMAND for further proceedings consistent with this opinion.
BENTON, SWANSON, and OSTERHAUS, JJ. concur.