PER CURIAM.
In this matter’s second appearance before this Court, Claimant argues the Judge of Compensation Claims (JCC) erred in compensating her attorney for fewer hours than those claimed in the verified petition for attorney’s fees by failing to explain or indicate as to why the time was reduced. For the reasons that follow, we reverse.
This case made its first appearance when Claimant sought review of an order denying entitlement to an Employer/Carrier (E/C)-paid fee based upon the filing of two petitions for benefits. See Neville v. JC Penney Corp., 130 So.3d 235 (Fla. 1st DCA 2013). This Court affirmed the denial of an E/C-paid fee for a July 2009 petition, but held Claimant entitled to a fee from the E/C for success on the November 2009 petition. Id. The matter was reversed and remanded for a determination of the amount of that fee. Id. at 236.
On remand, Claimant filed a verified petition seeking a fee based on 50.8 hours spent securing the dental care at issue and 66.3 hours for establishing entitlement to that fee, rounding the total request off to *526 116 hours. The E/C countered with a verified response, positing that 81.4 hours were reasonable for securing the dental care and 10 hours were reasonable for establishing entitlement to the fee.
The JCC found simply that “[u]pon consideration of the time claimed and objections to certain entries outlined in the 9/6/18 Verified Response,” 37.55 hours were reasonable for securing the dental care and 22.6 hours were reasonable for proving entitlement to the fee. No explanation was provided by the JCC in the final order detailing what objections were accepted or rejected. Claimant appropriately filed a motion for rehearing suggesting that the findings were insufficient. Nevertheless, the JCC declined to elaborate further, advising at the motion hearing that she determined what she thought was a proper fee based upon the number of hours she found were reasonable to secure the benefits.
The reasonableness of an attorney’s fee award is reviewed for competent substantial record evidence in support of the award. See Minerd v. Walgreens, 962 So.2d 955, 956 (Fla. 1st DCA 2007). Over time, this Court has provided guidance on what is expected of JCCs in awarding E/C-paid fees. In Levine, Busch, Schnepper & Stein, P.A. v. Winn Dixie Stores, Inc., 695 So.2d 798, 799-800 (Fla. 1st DCA 1997), because the JCC made no specific findings as to why he reduced the guideline statutory fee, this Court reversed and remanded the matter with instructions to the JCC to “determine on remand the fee to which Levine, Busch is entitled, and articulate his specific findings in the final order.” Even when this Court has determined that a fee less than the guideline statutory fee was reasonable, the Court was “nonetheless constrained to reverse the order because the judge failed to make adequate factual findings on each of the statutory factors enumerated in section 440.34(1)[, Florida Statutes].” Wheeler v. S. Fla. State Hosp., 752 So.2d 1285, 1286 (Fla. 1st DCA 2000).
The attorney fee awarded must be based on record evidence. In Smith v. U.S. Sugar Corp., 624 So.2d 315, 319 (Fla. 1st DCA 1993), this Court reversed the JCC’s determination that a reasonable hourly rate was $150 per hour when the only testimony was that $200 per hour was reasonable. In Feinberg v. Miami-Dade County, 788 So.2d 417 (Fla. 1st DCA 2001), even though “the JCC considered the various statutory factors of section 440.34, Florida Statutes (1997), there is no indication of how the award of $13,440.00 was derived.” On remand, the JCC was instructed to clearly articulate her findings. Id. In Sanchez v. Woenier Management, Inc., 867 So.2d 1173, 1174 (Fla. 1st DCA 2004), this Court determined the JCC erred when he reduced the claimant’s attorney’s hours by almost half, noting the “decreases appear to rest entirely upon the JCC’s subjective belief and personal experience of what to him seemed reasonable for the amount of time represented by counsel in serving his client.”
In Marshall v. City of Miami, Department of Conventions & Marinas, 920 So.2d 107, 108 (Fla. 1st DCA 2006), this Court determined the JCC erred in finding $150 per hour was a reasonable hourly rate when the testimony supported only a finding that $275 per hour was reasonable, and the JCC further erred in deducting 20 hours for unspecified reasons. Finally, in Minerd, 962 So.2d at 956, this Court reversed the JCC’s finding that $200 per hour was reasonable when the claimant’s attorney testified that a reasonable rate was $265 per hour and the E/C’s attorney testified that $225 per hour was reasonable. The Minerd Court also determined that competent substantial evidence did *527 not support the JCC’s reduction of the claimant’s attorney’s time for establishing entitlement to an attorney’s fee to 18 hours. Id. at 956-57. The Minerd Court explained that the JCC made reductions he deemed appropriate as the E/C failed to dispute any entries or offer any differing evidence. Id. at 957. As a result, it was determined that “informed appellate review is impossible here because it appears that the JCC’s reductions and deletions were based solely on the JCC’s own subjective and personal experience of what he deemed reasonable and not on competent, substantial evidence.” Id.
Here, the JCC did review the various factors and made general findings. She did not, however, explain the specific basis for reducing Claimant’s attorney’s hours from 116 to 60.15. Accordingly, because it is impossible to ascertain how the JCC arrived at the specific fee awarded, the order is reversed and remanded for further proceedings, with directions that the JCC make findings that will allow meaningful appellate review.
WOLF, PADOVANO, and RAY, JJ„ concur.