IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

**VINCENT SANSONE,**

      Appellant,

v.

**FRANK CRUM/FRANK
WINSTON CRUM
INSURANCE, INC.,**

      Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-5116

_____/

Opinion filed November 2, 2016.

An appeal from an order of the Judge of Compensation Claims.
Mary A. D'Ambrosio, Judge.

Date of Accident: January 14, 2015.

Kimberly A. Hill of Kimberly A. Hill, P.L., Fort Lauderdale, for Appellant.

William H. Rogner and Paul L. Luger, Winter Park, for Appellees.

WINSOR, J.

      This appeal is about attorney's fees. Under section 440.34(3)(b), Florida Statutes (2014), successful claimants can recover attorney's fees from a carrier or employer in certain circumstances. But the statute includes a grace period, providing

that "attorney's fees shall not attach" until thirty days after the carrier or employer receives the petition for benefits. The question we address is what happens if the carrier or employer accepts responsibility for medical expenses within thirty days but does not actually pay the medical bills until after thirty days. We hold that so long as the carrier or employer accepts responsibility for medical expenses within the thirty-day grace period, it is not liable under section 440.34(3)(b) for fees associated with those benefits. We therefore affirm the order denying fees.

*Facts and Procedural History*

Vincent Sansone suffered a workplace injury when he fell from a scaffold. After the employer/carrier initially denied compensability, Sansone retained counsel and filed a petition seeking disability payments, payment of an outstanding hospital bill, and attorney's fees. Within thirty days of receiving the petition, the employer/carrier rescinded its denial, paid the disability benefits, and accepted responsibility for paying the hospital bill. A few weeks later, the employer paid the hospital bill.

Sansone's attorney then filed a separate petition for attorney's fees, asserting that "[a]s a result of our efforts, we obtained for [Sansone] the payment of the hospital bill." The employer/carrier objected, arguing that the statutory grace period precluded fees because the employer/carrier accepted responsibility within thirty days of receiving the petition for benefits. The judge of compensation claims denied

2

the fee petition, and Sansone appeals. Because this appeal turns on pure issues of law, our review is de novo. *See Airey v. Wal-Mart/Sedgwick*, 24 So. 3d 1264, 1265 (Fla. 1st DCA 2009).

*Analysis*

Attorney's fees under section 440.34(3)(b) require the "successful prosecution of the petition," but fees cannot attach until thirty days after the employer receives the petition. § 440.34, Fla. Stat.; *see also Neville v. JC Penney Corp.*, 130 So. 3d 235, 235 (Fla. 1st DCA 2013); *Franco v. SCI at Palmer Club at Prestancia*, 989 So. 2d 709, 710 (Fla. 1st DCA 2008). Therefore, an award under section 440.34(3)(b) requires some part of the "successful prosecution" to occur after thirty days. In other words, if the petition fully succeeds before the thirty days run, fees do not attach. *Cf. Franco*, 989 So. 2d at 710 ("Because more than 30 days elapsed from the date the e/sa received the petition and claimant successfully achieved acceptance and payment of the claim, all of the statutory requirements of section 440.34(3), Florida Statutes (2006), have been met."). The question here, then, is whether Sansone's petition finally succeeded when the employer accepted responsibility for the hospital bill (which was before the thirty days ran) or when the employer actually paid the hospital bill (which was after).

3

Sansone relies on this court's decisions holding that "successful prosecution" under section 440.34(3) is not achieved until there has been acceptance *and* payment. *See, e.g.*, *Franco*, 989 So. 2d at 710; *McDonald's Rest. #7160 v. Montes*, 736 So. 2d 768, 769 (Fla. 1st DCA 1999). And to be sure, we have said that "timeliness of payment of benefits is determined not by the date on which the E/C notifies a claimant's attorney that the claim is accepted and benefits will be paid, but by 'the date checks of payment are placed in the mail.'" *Williams v. State Dep't of Corr./Div. of Risk Mgmt.*, 97 So. 3d 923, 926 (Fla. 1st DCA 2012) (quoting *Amerimark, Inc. v. Hutchinson*, 882 So. 2d 1114, 1115 (Fla. 1st DCA 2004)). But those cases addressed claims for benefits payable directly to claimants. The payment at issue here was to the hospital—not to Sansone himself.[1]

The actual benefit Sansone received was not the employer/carrier's payment to the hospital; it was his being relieved of any obligation to pay the hospital himself. Sansone became "insulated from financial responsibility" for the hospital bill after the employer/carrier accepted responsibility. *See Bergstein v. Palm Beach Cty. Sch. Bd.*, 97 So. 3d 878, 879 (Fla. 1st DCA 2012); *see also* § 440.13(3)(g), (13)(a), Fla. Stat. (2014). At that point, when or whether the employer/carrier actually paid the

---

[1] Sansone also sought indemnity benefits, which the employer/carrier actually paid before the thirty days ran. Those benefits are not at issue here.

bill became immaterial to Sansone; it was then only a matter between the hospital and the employer/carrier.[2]

*Conclusion*

When it comes to medical benefits, a claimant's successful prosecution ends when the carrier or employer accepts responsibility, regardless of when the carrier or employer actually pays the medical providers. In this case, that happened within thirty days after the employer/carrier received the petition for benefits, so Sansone's attorney's fee petition was properly denied.

AFFIRMED.

B.L. THOMAS and WETHERELL, JJ., CONCUR.

---

[2] Although not necessary for resolution of this appeal, we note Sansone's position—that the date of payment controls—would mean in some instances fee entitlement could turn on medical providers' billing practices. In this case, the employer/carrier had the bill in time to pay it within the thirty days. But in another case, a carrier or employer might not even receive the bill until after the thirty days has run.