IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOSE DELGADO,

     Appellant,

v.

CITY CONCRETE SYSTEMS,
INC. and FCCI INSURANCE
COMPANY,

     Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4759

Opinion filed June 6, 2017.

An appeal from an order of Judge of Compensation Claims.
John J. Lazzara, Judge.

Date of Accident:  April 23, 2014.

Kevin R. Gallagher of Gallagher Law Group, P.A., Fort Lauderdale, for Appellant.

Thomas G. Portuallo of Eraclides, Gelman, Hall, Indek, Goodman, Waters & Traverso, Jacksonville, for Appellees.

PER CURIAM.

In this workers' compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) denying, in part, approval of a stipulation for a $20,000.00 attorney's fee payable by the Employer/Carrier (E/C) for past benefits

secured. In the order, the JCC found that he could not "in good conscience" approve the requested fee amount, which was based on the hours expended by Claimant's attorney, and he reduced the fee to $4,293.80, representing a statutory guideline fee under section 440.34(1), Florida Statutes. He also ordered the E/C to pay Claimant the difference between the stipulated fee amount and the reduced fee. On appeal, Claimant raises several challenges, including a denial of due process. Because, as we discuss below, the due process concerns here compel us to reverse the order and remand for a full evidentiary hearing, we find it unnecessary to address all the issues raised in this appeal.

Claimant, a construction worker, alleged a compensable workplace injury in April 2014 resulting in a loss of hearing. The E/C initially denied the claim, but eventually accepted compensability and provided benefits. In July 2015, Claimant requested approval of an attorney's fee he owed his attorney for obtaining a washout settlement of his workers' compensation case under section 440.20(11)(c), Florida Statutes. The JCC entered an order approving the settlement fee in August 2015. But evidently the parties had also negotiated a separate E/C-owed attorney's fee based on the past benefits secured and had agreed to delay the submission of this side stipulation for approval of that fee pending the Florida Supreme Court's decision on the constitutionality of the guideline fee in Castellanos v. Next Door Co., 192 So. 3d 431 (Fla. 2016) (holding statute mandating use of statutory guideline

2

for attorney fee calculation is unconstitutional).

In May 2016, after the supreme court rendered its opinion in Castellanos, the attorneys for the parties submitted for the JCC's approval the side stipulation for the $20,000.00 attorney's fee payable by the E/C. The JCC subsequently held a telephonic hearing which he described at the hearing as being called at his own request for the purpose of considering the stipulated fee and going over "a couple of matters" with the attorneys. After a brief discussion, the JCC ordered Claimant's attorney to submit his time records. Claimant's attorney subsequently submitted his time records and shortly thereafter the JCC entered the order which is the subject of this appeal.

Under Chapter 440, attorney's fees "may not be paid for a claimant in connection with any proceedings arising under this chapter, unless approved by the [JCC] or court having jurisdiction over such proceedings." § 440.34(1), Fla. Stat. Thus, the JCC here had both the authority and the obligation to review the attorney fee stipulation and to approve or disapprove the agreed-upon fee. See Luces v. Red Ventures, 140 So. 3d 999, 999-1000 (Fla. 1st DCA 2014) (affirming JCC's disapproval of stipulated attorney's fee based on JCC's finding that evidence did not support purported statutory basis for fee, but reversing JCC's award of disapproved fee amount directly to claimant as improper reformation of contract). Nevertheless, "[d]ue process concerns preclude a ruling on matters which have not been placed at

3

issue, as the parties are entitled to notice so that they may fairly present their case." Florida Power Corp. v. Hamilton, 617 So. 2d 333, 334 (Fla. 1st DCA 1993). See also Isaac v. Green Iguana, Inc., 871 So. 2d 1004 (Fla. 1st DCA 2004) (reversing, as offending procedural due process right of claimant, JCC's ruling reached in absence of prior notice and opportunity to defend). This court has further held that, because parties are entitled to notice of the issues to be determined at a hearing, an order that is not in accord with the understanding with which the workers' compensation hearing was undertaken and participated in is a denial of due process and must be reversed. Moya-Perguero v. Trucks and Parts of Tampa, Inc., 77 So. 3d 912 (Fla. 1st DCA 2012); see also School Dist. of Hillsborough Cnty. v. Dickson, 67 So. 3d 1080 (Fla. 1st DCA 2011); Southeast Recycling v. Cottongim, 639 So. 2d 155, 157 (Fla. 1st DCA 1994) (finding that award of chiropractic care must be reversed because due process concerns precluded expansion of scope of hearing to include chiropractic care where matter not placed at issue and no evidence of need for chiropractic care presented).

In the Luces case, the JCC disapproved the stipulated attorney's fee based on his finding that the evidence did not support a finding of a "medical only" claim — the alleged basis of the fee. 140 So. 3d at 999-1000. But, before ruling, the JCC first "invited counsel for the parties to seek a telephonic hearing and provide additional evidence" in support of the allegation. Id. at 999. In contrast, the JCC

4

here, following the very brief telephone hearing, disapproved of the stipulated fee in a seven-page order that assumed certain unestablished facts and strongly suggested that the attorneys engaged in collusion to commit fraud under section 440.105(4), Florida Statutes. Although the JCC's order states that an evidentiary hearing was held, there is little support for this statement in the record. The hearing transcript — only ten pages long — does not in any way suggest an evidentiary hearing took place. The parties were not asked to submit evidence or present witnesses. During the hearing, the JCC questioned the attorneys about the basis for the fee, but did not indicate any issues of fraud or collusion. Counsel for the parties filed motions for rehearing disputing the assumed facts and requesting the opportunity to provide further evidence. Nevertheless, the JCC denied these motions for rehearing on the ground that time for submitting additional evidence had "long passed."

Given the JCC's failure to provide the parties with proper notice and the opportunity to be heard on the issues that the JCC found determinative in his ruling, we find the JCC violated Claimant's right of due process with entry of the final order here.[1] We, therefore, REVERSE and REMAND for a properly noticed evidentiary hearing.

---

[1] Our holding should not be construed as limiting the power of a JCC to approve or disapprove an attorney's fee under section 440.34(1). See also § 440.33(1), Fla. Stat. (describing the powers of a JCC). Undoubtedly, a JCC has such power so long as the parties are afforded due process.

WOLF, RAY, and BILBREY, JJ., CONCUR.