IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

YEIMIS BANEGAS,

      Appellant,

v.

ACR ENVIRONMENTAL, INC.,
and BERKLEY SPECIALTY
UNDERWRITING MANAGERS,

      Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D17-1251

CORRECTED PAGES: pg 2
CORRECTION IS UNDERLINED IN
RED
MAILED: November 6, 2017
BY: KMS

Opinion filed November 6, 2017.

An appeal from an order of the Judge of Compensation Claims.
John J. Lazzara, Judge.

Date of Accident: December 3, 2013.

Mark L. Zientz of Law Offices of Mark L. Zientz, P.A., Miami, for Appellant.

Christopher W. Wadsworth and Samuel J. Cili of Wadsworth Huott, LLP, Miami,
for Appellees.

PER CURIAM.

In this workers' compensation appeal, Claimant, through her counsel,
challenges the Judge of Compensation Claims' (JCC's) order reducing the jointly
agreed upon amount of the Employer/Carrier-paid attorney's fee and requiring that

the excess amount be remitted to Claimant personally.  We reverse and remand for proceedings consistent with this opinion.

We review for competent, substantial evidence the issue of the reasonableness of an attorney's fee.  *See Sanchez v. Woerner Mgmt., Inc.*, 867 So. 2d 1173 (Fla. 1st DCA 2004).  Neither argument of counsel nor "the JCC's reductions and deletions . . . based solely on the JCC's own subjective and personal experience of what he deemed reasonable" are sufficient to rebut a claimant's counsel's sworn affidavit. *See Minerd v. Walgreens*, 962 So. 2d 955, 957 (Fla. 1st DCA 2007).  Because the record here contains no evidence to rebut Claimant's counsel's sworn affidavit or the representations of the Employer/Carrier's counsel, the JCC erred in reducing the time entries contained within that affidavit.

In *Luces v. Red Ventures*, 140 So. 3d 999 (Fla. 1st DCA 2014), we explained that "chapter 440 limits the authority of JCCs and does not authorize them to reform the agreements of the parties on their own motion."  *Id.* at 1000.  Further, a JCC is "without authority to redirect the attorney's fee from counsel to claimant as an exercise of plenary equitable jurisdiction."  *Id.*  Here, the JCC erred in doing so.

Accordingly, we REVERSE the portion of the order reducing the agreed upon attorney's fee as well as the portion of the order reforming the stipulation, and REMAND for further proceedings consistent with this opinion.

LEWIS, MAKAR, and OSTERHAUS, JJ., CONCUR.

2