IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LEONARDO ERNESTO
GOMEZ,

      Appellant,

v.

FRANK CRUM, INC., and
BROADSPIRE,

      Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D17-1173

CORRECTED PAGES: pg 3
CORRECTION IS UNDERLINED IN
RED
MAILED: November 6, 2017
BY: KMS

Opinion filed November 6, 2017.

An appeal from an order of the Judge of Compensation Claims.
John J. Lazzara, Judge.

Date of Accident: June 29, 2012.

Kevin R. Gallagher of Gallagher Law Group, P.A., Fort Lauderdale, for Appellant.

William H. Rogner and Paul L. Luger, Winter Park, for Appellees.

PER CURIAM.

In this workers' compensation appeal, Claimant, through his counsel, challenges the Judge of Compensation Claims' (JCC's) order rejecting a jointly agreed upon Employer/Carrier-paid attorney's fee, awarding instead a fee based on the statutory fee schedule as set out in subsection 440.34(1), Florida Statutes (2012),

and requiring the excess amount be remitted to Claimant personally. We reverse and remand for proceedings consistent with this opinion.

We review for competent, substantial evidence the issue of the reasonableness of an attorney's fee. *See Sanchez v. Woerner Mgmt., Inc.*, 867 So. 2d 1173 (Fla. 1st DCA 2004. As we recently explained in *Banegas v. ACR Environmental, Inc.*, No. 1D17-1251 (Fla. 1st DCA Nov. 6, 2017), "[n]either argument of counsel nor 'the JCC's reductions and deletions . . . based solely on the JCC's own subjective and personal experience of what he deemed reasonable' are sufficient to rebut a claimant's counsel's sworn affidavit. *See Minerd v. Walgreens*, 962 So. 2d 955, 957 (Fla. 1st DCA 2007)." Because the record before us contains no evidence rebutting Claimant's counsel's sworn affidavit or the representations of the Employer/Carrier's counsel, the JCC erred in deleting the time entries contained within the affidavit.

As for the redirection of the monies in excess of the statutory fee schedule to Claimant, a JCC is "without authority to redirect the attorney's fee from counsel to claimant as an exercise of plenary equitable jurisdiction." *Luces v. Red Ventures*, 140 So. 3d 999, 1000 (Fla. 1st DCA 2014) (explaining that "chapter 440 limits the authority of JCCs and does not authorize them to reform the agreements of the parties on their own motion"). Thus, the JCC erred in doing so.

2

Accordingly, we REVERSE the portion of the order rejecting the agreed upon Employer/Carrier-paid attorney's fee as well as the portion of the order reforming the stipulation, and REMAND for further proceedings consistent with this opinion.

LEWIS, MAKAR, and OSTERHAUS, JJ., CONCUR.