IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

IVAN PALMA,

      Appellant,

v.

AMERICAN AIRLINES and
SEDGWICK CMS,

      Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-5651

Opinion filed November 15, 2017.

An appeal from an order of Judge of Compensation Claims.
Ralph J. Humphries, Judge.

Date of Accident:  September 17, 2013.

Toni L. Villaverde of Toni L. Villaverde, PLLC, Coral Gables, for Appellant.

Clinton C. Lyons of Moran Kidd Lyons Johnson, P.A., Orlando, for Appellees.

PER CURIAM.

In this workers' compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) denying entitlement to attorney's fees and costs.  For the reasons below, we reverse.

Claimant injured his right hand hooking up carts while working on luggage for Employer American Airlines. The Employer/Carrier (E/C) accepted the injury as compensable. When the temporary disability benefits Claimant expected did not arrive, Claimant filed a petition for benefits asking for them, as well as for penalties, interest, attorney's fees, and costs. The petition for benefits was received by the E/C on February 21, 2014 (the day after it was filed). Three days later, the E/C filed a response alleging that those benefits had been paid. Claimant finally received checks for the benefits on April 22, 2014. In May 2014, Claimant filed a Notice of Resolution of Issues, stating that the claim for temporary disability benefits had been satisfied, but asking for reservation of jurisdiction over the claims for attorney's fees and costs.

The disputed periods of benefits were January 8-9 and January 14-27. The adjuster testified that she issued a check for the first period on January 13 and issued the check for the second period on January 21. Both were returned as undeliverable, the first on January 29 and the second on February 4. In response, the adjuster confirmed the address and re-mailed the checks, the first on January 30 and the second on February 4. These two checks apparently went missing.

The adjuster testified that she did not know until April 14, 2014, that the two re-mailed checks had not been delivered to Claimant.[1] The adjuster testified that she

---

[1] The adjuster was not asked, and did not volunteer, the reason she was unaware until

then requested a "stop pay" on the two missing checks and that new checks were reissued to Claimant on April 22, 2014, to the same address. (The new checks were generated by the E/C and received by Claimant on the same day.) The adjuster added that the new checks were sent by a computer in "the same way for all checks issued" by the E/C.

Claimant argued that attorney's fees and costs were due because the new checks, which were the only checks Claimant received for those periods of benefits, were not generated until April 22, 2014 – three months after they were due and two months after the petition for benefits was received – and that the E/C should have investigated because it was put on notice of delivery problems. The JCC denied entitlement, finding the E/C timely paid the benefits. We review the ruling *de novo* because Claimant does not challenge the findings of fact, but argues that the JCC erred as a matter of law in considering the mailing dates of the checks Claimant never received.

E/C-paid attorney's fees are due "when the following circumstances exist: The 'carrier files a response to petition denying benefits;' there is a 'successful prosecution of the petition;' and [before the benefit is provided] a period of 30 days elapses from 'the date the carrier . . . receives the petition.'" Franco v. SCI at Palmer

April 14, 2014. Additionally, according to the adjuster, a third check, for the period of January 28 to February 10, had also been returned as undeliverable, was re-mailed, and *had been* received and cashed by Claimant.

3

Club at Prestancia, 989 So. 2d 709, 710 (Fla. 1st DCA 2008); see generally § 440.34, Fla. Stat. (2013). Case law explains how to determine the date a benefit is provided when the benefit is transfer of monies by check to a claimant:

> [T]imeliness of payment of benefits is determined not by the date of which the E/C notifies a claimant's attorney that the claim is accepted and benefits will be paid, but by "the date checks of payment are placed in the mail." See Amerimark, Inc. v. Hutchinson, 882 So. 2d 1114, 1115 (Fla. 1st DCA 2004).

Williams v. State Dep't of Corr., 97 So. 3d 923, 926 (Fla. 1st DCA 2012).

But here, the checks went missing. The JCC applied the presumption of mailing, which provides that "mail properly addressed,[2] stamped, and mailed ***was received by the addressee***, and proof of general office practice satisfies the requirement of showing due mailing" (emphasis added; citations omitted). Brown v. Giffen Indus., Inc., 281 So. 2d 897, 900 (Fla. 1973) (on rehearing).

"Missing" checks were at issue in Pupo v. City of Hialeah, and this Court made clear that the presumption of mailing is rebuttable: "Evidence of an office's standard mailing practices creates a rebuttable presumption that a particular item was mailed." 91 So. 3d 925 (Fla. 1st DCA 2012). In the instant case, it is not clear whether the JCC found the presumption rebutted because even though the JCC found the benefit was timely paid, it also found that Claimant did not receive the missing checks. Moreover, the JCC used a fault-based analysis: "That the claimant did not

---

2 There is no dispute that all checks here were correctly addressed.

4

receive these checks is through no fault of the adjuster or carrier." This was error because fault does not come into play either when considering the presumption of mailing or when determining whether attorney's fees have attached.

The JCC found that Claimant had not established the benefits were "secured" by Claimant's attorney as is required for fee entitlement. See § 440.34(2), Fla. Stat. (2013). The JCC also implicitly found that Claimant was not the prevailing party on the petition for benefits as is required for cost entitlement. See § 440.34(3), Fla. Stat. (2013). But both of these findings appear to have been based on the JCC's conclusion that the benefits were paid before the petition for benefits was filed. Because the JCC's conclusion that the benefits were paid before the petition for benefits was filed stemmed from his use of a fault-based analysis, it must be revisited on remand. Accordingly, on remand, the JCC must clarify the inconsistent findings, apply the proper legal standards, and revisit both fee entitlement and cost entitlement.

REVERSED and REMANDED for further proceedings.

WINOKUR and JAY, JJ., CONCUR; WOLF, J., CONCURS IN RESULT.

5